## JOE THURMAN *et al.* v. STATE.

### No. 384. Opinion Filed September 25, 1909.

#### (104 Pac. 67.)

**COURTS—Jurisdiction.** A county court does not acquire jurisdiction of a case where a complaint signed and verified by a private individual, is filed with a justice of the peace, charging the defendant with a crime over which the justice has no jurisdiction, and the case transferred to the county court and the proceedings not amended or information filed by the county attorney.

(Syllabus by the Court.)

*Error from Cherokee County Court, Sitting at Tahlequah; J. T. Parks, Judge.*

Joe Thurman and another were convicted of reckless shooting, and they appeal. Reversed and remanded.

The plaintiffs in error, who were defendants below, were arrested on warrant issued by Ross Daniel, justice of the peace in Cherokee county, on a complaint made by Andy Miller, charging the defendants with a misdemeanor "by shooting recklessly and in a manner liable to injure some one." On motion of the county attorney the case was transferred to the county court of Cherokee county. The defendants were tried and convicted, and prosecute appeal to this court.

*Bruce L. Keenan,* for plaintiffs in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

No copies of briefs reached the reporter.

OWEN, JUDGE. (after stating the facts as above). The complaint filed in this case before the justice of the peace was in the following language:

"Now comes Andy Miller, after being duly qualified, say that Tobe Thurman and Jim Thurman   *   *   *   did in Cherokee county, and in the state of Oklahoma, on or about the 14th day of March, in the year of our Lord 1908, and anterior to the presentment hereof, commit the crime of misdemeanor in the manner and form as follows, to wit: By shooting recklessly and in a manner liable to injure some one and which was done in Cherokee county, state of Oklahoma and which was contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state. [Signed.]   Andy Miller."

This complaint was sworn to in due form before Ross Daniel, justice of the peace. On motion of the county attorney the case was transferred to the county court. This complaint, together with the appeal bond of defendants and a certified copy of the docket entries of the justice of the peace, was filed in the county court of Cherokee county.

After the defendants were arraigned and before entering their plea, they filed the following protest:   ·

"Defendants each protest against being tried on the complaint read for the reasons that (1) the court has not jurisdiction in this case to try the defendants or either of them; (2) the complaint does not state a public offense against the defendants by the allegations therein."

This protest was by the court overruled, and the defendants saved their exceptions.

This protest should have been sustained by the court.

Section 17, art. 2, Const. Okla. (Bunn's Ed. § 26), provides as follows:

"No person shall be prosecuted criminally in courts of record

for felony or misdemeanor otherwise than by presentment or indictment or by information," etc.

The complaint filed in this case, signed by Andy Miller, is not an information. The record discloses that Andy Miller was not the county attorney or such person as is authorized by law to sign an information.

Section 5306 (Wilson's Rev. & Ann. St. 1903) is as follows:

"The county attorney shall subscribe his name to informations filed in the probate or district court and indorse thereon the names of the witnesses known to him at the time of filing the same," etc.

In the case of *Evans v. Willis*, 22 Okla. 310, 97 Pac. 1047, and reported and annotated in 19 L. R. A. (N. S.) 1050, the Supreme Court of this state in a well-considered opinion by Justice Williams held that no original prosecution can be instituted in a court of record in this state except by presentment or indictment by a grand jury or by an information exhibited by a county attorney or some other officer thereto authorized by law. After reviewing the authorities at length, the justice in delivering the opinion used this language:

"Hence, since the adoption of our state Constitution no person can be prosecuted criminally in any court of record in this state for felony or misdemeanor other than by presentment or indictment by a grand jury, or by information exhibited by the county attorney or other officer authorized by law. The information filed in this case by the private prosecutor, who was neither the county attorney nor any officer authorized by law, was void."

It cannot be urged that inasmuch as this prosecution was begun before the justice of the peace, and that this complaint signed by Andy Miller would authorize the prosecution there, that an information was not required in the county court. If the justice of the peace had jurisdiction to transfer this case to the county court, it was under section 5848, which provides:

"If, on a trial before a justice of the peace, it appears that the defendant is guilty of a misdemeanor, the punishment of which is beyond the jurisdiction of the justice of the peace, he shall at once stop the trial, and certify the cause to the probate

court, and it shall then be amended and proceeded with as if originally brought in that court. If such action be brought before the probate court sitting as a justice, he shall cause the information to be amended and shall then proceed in like manner," etc.

This statute clearly gives the right to the county attorney to add to the proceedings before the justice of the peace whatever is necessary to bring them up to the statutory requirements for the prosecution to be begun in the county court. In this case he did not do that.

The protest filed by the defendants should have been sustained also for the second reason urged, that the complaint does not charge a public offense against the defendants.

Section 2393, Wilson's Rev. & Ann. St. 1903, under which this prosecution was had, is as follows:

"Every person who wilfully discharges any species of firearm, air gun or other weapon or throws any other missile in any public place, or in any place where there is any person to be endangered thereby, although no injury to any person shall ensue, is guilty of a misdemeanor."

These defendants are charged with violating this section "by shooting recklessly and in a manner liable to injure some one," etc.

The statute prohibits "wilfully discharging any species of fire-arms."

The allegation—shooting recklessly—is not synonymous. It is not always necessary that the indictment or information should follow the exact language of the statute. It is sufficient if the words are of the same meaning. But the word "recklessly" is not the same as "wilfully." The word "wilfully" when employed in penal statutes is used as a synonymous term with "intentionally" or "designedly," or "without lawful excuse." The word "recklessly" means heedlessly, carelessly, or indifferent to consequences, without contemplating or intending those consequences. As a general rule, there is a wide difference between intentional acts and those results which are the consequences of recklessness

2 Cr.—46

or carelessness. *Harrison v. State,* 37 Ala. 154, and *Felton v. United States,* 96 U. S. 699, 24 L. Ed. 875.

In the case of *Felton v. United States,* in defining the word "wilfully," the court uses this language:

"Doing or omitting to do a thing knowingly and wilfully implies not only a knowledge of the thing, but a determination with a bad intent to do it or to omit doing it. 'The word "wilfully," ' says Chief Justice Shaw, 'in the ordinary sense in which it is used in statutes, means not merely voluntarily, but with a bad purpose.' 20 Pick. (Mass.) 220. 'It is frequently understood,' says Bishop, 'as signifying an evil intent without justifiable excuse.' "

The county court did not acquire jurisdiction of this case for the reason no information was filed. Therefore the judgment of the lower court is reversed and remanded, with directions to discharge the defendants.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.