## ST. LOUIS & S. F. R. CO. v. STATE *et al.*

No. 1075.   Opinion Filed July 12, 1910.

(110 Pac. 759.)

**CORPORATION COMMISSION—Orders—Violation by Carriers—Contempt—Burden of Proof.** In the proceeding against a railway company for contempt for violating an order of the State Corporation Commission, where the railway company admits the act of violation with which it is charged, but attempts to defend against the proceedings upon the ground that said act was committed through a misapprehension of the order or as a result of a mistake, the burden is upon the company to establish by competent evidence that its act complained of resulted from such cause.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Proceeding by the State and another before the Corporation Commission against the St. Louis & San Francisco Railroad Company. From an order adjudging the railroad company guilty of contempt for violating orders of commission, the railroad company appeals. Affirmed.

*W. F. Evans, E. T. Miller,* and *R. A. Kleinschmidt,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Geo. A. Henshaw,* Asst. Atty. Gen., for defendants in error.

HAYES, J.   This is an appeal from an order of the Corporation Commission adjudging appellant guilty of contempt for violating certain orders of the commission.   On the 12th day of April, 1909, the Bartlesville Vitrified Brick Company delivered to the Atchison, Topeka & Santa Fe Railway Company one car load of brick for shipment to the Gloyd Lumber Company at Avard, Okla.   Shipment was made over the Atchison, Topeka & Santa Fe Railway from Bartlesville to Tulsa, via appellant's line of railway to the point of destination.   The freight rate on shipments of brick in car load lots between Bartlesville and Avard as fixed by Order No. 55 and amended by Orders Nos. 115 and 157 of the Corporation Commission is 6.8 cents per hundred pounds.   Appellant's agent at the point of destination charged and collected. the sum of $61.60 on the entire car, being more than the prescribed rate and a little less than 7.5 cents per hundred pounds, and thereafter endeavored to collect $1.40 additional freight, making a total charge of 7.5 cents per hundred pounds.   At the hearing of the complaint filed against it before the commission, appellant admits the violation of the order.   No written answer or pleading of any sort was filed by it, but by its evidence it is disclosed that the theory of its defense is that the violation of the order resulted from a mistake.

Six assignments of error have been made by appellant in its petition.   Appellant's brief contains argument in support of only one of these assignments, to wit, that the judgment and order of the commission is not supported by sufficient evidence, and is contrary to law.   Since by rule 25 of this court (20 Okla. xii, 95 Pac. viii) it is required that an appellant shall in his brief make argument and cite authorities in support of each assignment of error relied upon, it will be presumed that those assignments in support of which no argument has been offered or authorities cited in the brief, have been waived, and are not relied upon here.   The effect of appellant's contention for reversal is that the prosecution failed to establish by evidence that its violation of the order of the commission was wilful, and did not result from a mistake of itself or its agent.   This contention is based upon a misconception of where

the burden of proof lies in this case. The burden is upon the prosecution to prove that the contemner is guilty of the acts of contempt with which it is charged; but, where the contemner admits the acts constituting the alleged contemptuous conduct and relies on other facts, such as inability to perform the order or failure to perform it from mistake or misapprehension as to the meaning of the order or other circumstances not within its control, the burden is upon the contemner to establish such matter of defense. 3 Encyc. of Evidence, p. 470. Inability to perform the duties required by an order is an excuse for a nonperformance and likewise where a failure to perform has been due to misapprehension of the order, or where it has resulted from a mistake, and the contemner presents such facts as a reasonable excuse to the court, ordinarily he will be discharged upon payment of the costs and expenses of the proceeding (9 Cyc. p. 57); but such defenses are in their nature affirmative, and he who seeks to rely upon them must prove them (*Fenlon v. Dempsey et al.*, 50 Hun [N. Y.] 131, 2 N. Y. Supp. 763; *State ex rel. v. Cook*, 66 Ohio St. 566, 64 N. E. 567, 58 L. R. A. 625; *State ex rel. v. Smith*, 17 Wash. 430, 50 Pac. 52; *Shaffner v. Shaffner*, 212 Ill. 492, 72 N. E. 447).

Appellant did not offer the evidence of its agent at Avard who made and collected the excessive freight charges to show that the same had been done by reason of a mistake, nor did it offer the evidence of any other witness who had any personal knowledge of the matter. The only witness introduced in its behalf was one H. F. Conley. It appears from his evidence that he is in some way connected with the appellant company, but in what capacity the evidence does not disclose. As an explanation of how the excessive rate was charged, this witness suggested that "it might have been possible" that the agent at Avard made the rate by referring to the wrong tariff; that he got hold of the wrong rate; and, when it was suggested to him that the auditor of appellant after his attention had been called to the overcharge still insisted that there was no overcharge and instructed the agent at Avard to collect the balance of the excessive rate in the sum

of $1.40, the witness stated that he could "only assume that this is an error on the part of the auditor's office." There is no competent evidence on the part of appellant showing that the violation of the order had resulted from mistake. There is the mere suggestion and assumption on the part of the one witness testifying in his behalf that it was possible that it had occurred that way. Appellant could not discharge the burden of proof upon it in this way.

The judgment of the commission is affirmed.

All the Justices concur.