## ATCHISON, T. & S. F. RY. CO. v. STATE *et al.*

No. 3268. Opinion Filed March 12, 1912.

(122 Pac. 232.) ·

CARRIERS—Excessive Baggage Charge—Contempt—Evidence. In a prosecution of an intrastate carrier for making an excess baggage charge on an intrastate baggage shipment, when the undisputed proof shows that such carrier, or its baggage agent, did not willfully make such excess charge, but that the same was made through an honest mistake, it was error to adjudge such intrastate carrier guilty of contempt.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings by the State and A. Haber against the Atchison, Topeka & Santa Fe Railway Company, before the Corporation Commission. From the judgment the Railway Company appeals. Reversed and remanded.

*Cottingham & Bledsoe,* for appellant.

*Chas. L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J. On November 28, 1910, A. Haber filed complaint against the appellant, alleging that it violated final order No. 341 of the Corporation Commission, relative to charges for excess baggage. After due citation the appellant answered, admitting that it made the excess charge in the sum of fifteen cents, but that it was an error committed by the baggage agent, which was not willful but unintentional; that said error was not called to the attention of the appellant so that it could make correction, but complaint was made to the Corporation Commission; that the error was made by the agent by applying the wrong tariff; that the proper tariff was in the possession of said agent. And thereupon the appellant tendered the fifteen cents overcharge to the Commission, to be transmitted to the complainant, A. Haber.

The uncontradicted evidence in the record sustains appellant's contention. The appellant contended that in good faith it was carrying out said order, and there is nothing in the record showing the contrary. The order of the Commission is in part as follows:

"The evidence shows that the railroad company had used a different method in figuring rates other than that prescribed by the Commission and a more complicated one. The Commission finds defendant guilty as charged in complaint, and assesses a fine of $100 and all costs accrued herein against the defendant, the Atchison, Topeka & Santa Fe Railway Company, for which let execution issue."

Order No. 341 is as follows:

"To All Railroads and Railways Operating and Doing Business in the State of Oklahoma and to All Whom It May Concern:

"Pursuant to issuance and publication of proposed order No. 67, relating to charge for the transportation of excess baggage between points in the state of Oklahoma, published in the Daily Leader, a newspaper of general circulation, published in the city of Guthrie, county of Logan, state of Oklahoma, said order having appeared therein once each week for four consecutive weeks, as required by law, and, pursuant to hearing held in the city of

Guthrie, April 19, 1910, notice is hereby given that the following order shall be in full force and effect on and after July 15, 1910:

"Rule No. 1. All baggage rules and regulations of the railroad companies in effect in the state of Oklahoma on June 1, 1910, not changed by specific rules mentioned in this order, shall remain in effect until amended or superseded by this Commission.

"Rule No. 2. No railroad or railway company operating in the state of Oklahoma shall assess, charge or receive for the transportation of excess baggage any rates other than those appearing in rule 3, without first securing the permission of the Corporation Commission therefor.

"Rule No. 3. Rates in cents per one hundred pounds:

| Miles | Rate | Miles | Rate | Miles | Rate |
|-------|------|-------|------|-------|------|
| 488 | 15 | 160 | 55 | 271 | 95 |

" * * * Where exact distance is not shown use greater distance.

"Rule No. 4. Twenty-five (25) cents shall be the minimum charge for transportation of excess baggage.

"Rule No. 5. Compute excess baggage rates by using the mileage upon which ticket is figured.

"Rule No. 6. The foregoing rules will not apply upon baggage or scenery of show troupe when in special baggage cars."

The appellant is not charged with contempt in the information in that it figured the rate by a rule contrary to that prescribed by the Commission, but with making an excess charge. The appellant admits making such charge, but shows that it was a mistake of the agent in figuring from the interstate sheet rather than the intrastate sheet.

In *St. Louis & S. F. Ry. Co. v. State et al.,* 26 Okla. 764, 110 Pac. 759, it was held:

"In a proceeding against a railway company for contempt for violating an order of the State Corporation Commission, where the railway company admits the act of violation with which it is charged, but attempts to defend against the proceedings upon the ground that said act was committed through a misapprehension of the order or as a result of a mistake, the burden is upon the company to establish by competent evidence that its act complained of resulted from such cause."

The railway company in this case has met this burden; the undisputed evidence showing that the excess charge was made

through a mistake of the local baggage agent. This is not controverted in any way whatever.

The finding of the Corporation Commission seems to go on the assumption that it was an honest mistake, but that as the instructions sent out to the baggage agents for figuring this excess baggage charge involved a different system from that intended to be used by the Commission, for that reason the appellant is guilty. But the appellant is not charged with violating said order in that they used a different system of calculating the excess charge on the basis fixed by the Commission's order. It is not contended that the system used by the appellant would reach a different result. See *St. Louis & S. F. R. Co. v. C. H. Cannon & Son and State of Oklahoma, ante,* 122 Pac. 231.

As to whether the appellant would be guilty of contempt for using a different system of figuring the amount of the excess charge, when so forbidden by order of the Commission, that is not essential here to be determined.

In Comanche Light & Power Company v. St. Louis & San Francisco Railroad Co., decided by the Corporation Commission of this state on January 20, 1912, we quote from the order of the Commission as follows:

"The Commission will not impose a penalty where it believes it is purely unintentional on the part of the defendant company to violate an order. They have expressed their willingness to correct any and all mistakes made in construing order No. 167. In order to show their good faith in complying with the order of the Commission as they have manifested, the Commission thinks they should refund all demurrage charges they have collected from the plaintiff, where the collections were made in violation of order No. 167. The defendant should remit all overcharges collected from the plaintiff in violation of order No. 167. When this is done and the Commission notified the case will be dismissed. * * * "

In the case under review the appellant of its own motion tendered to the Commission the excess charge, with the statement that the charge was made through an honest mistake on the part of its baggage agent. No demand was ever made on the railway company to correct the mistake, but complaint was made direct to the Commission. The baggage agent gave the shipper a re-

ceipt, obviously with a view that he could get his reclamation if a mistake had been made. This indicates good faith on the part of the baggage agent.

The evidence in the record on the part of the appellant was from the superintendent, a great part of which was hearsay; but no objection was made on that ground at the time of its introduction, and therefore that objection is waived.

In determining the guilt of a company or corporation charged with contempt in a proceeding like this, whilst it is necessary to find that the violation was willful or intentional, yet in making this determination the Commission is permitted to look at the good faith of the company. The company, through its superior officers, must furnish the subordinate officers with reasonable instructions in order that the subordinates may reasonably and in good faith and with proper diligence comply with the orders of the Commission. Whilst it may be that the subordinate employee may act in good faith and with reasonable diligence under the orders that he may have, yet on account of the carelessness or neglect of the superior officers there may be a dereliction.

In this case the evidence under this record shows that all of the employees and officers of the appellant acted in good faith and with reasonable diligence.

It was the intention of the framers of the Constitution of this state, by virtue of article 9, to cause to be afforded the people of this state by railway companies all reasonable and adequate public service, conveniences, and facilities, and to prevent abuses, discriminations, and overcharges or extortion. To that end reasonable orders and requirements may be made of such railway companies. To determine whether the same have been violated with such a culpability as would justify the imposition of fines, as for contempt, it is permissible to look at the conduct of the parties, the chief and subordinate officers, and it may be that when it comes to a question of whether the act was culpable—that is, willful or intentional—you may look at the other like acts on the part of such employee. But such a question does not arise in this case.

It follows that the order of the Commission must be reversed, and a new trial granted.

All the Justices concur.