## ATCHISON, T. & S. F. RY. CO. v. STATE *et al.*

### No. 3318.   Opinion Filed July 23, 1912.

#### (125 Pac. 721.)

CARRIERS—Regulations—Orders of Corporation Commission—Evidence.
Where the railway company is charged with not having filed a tariff sheet within the time prescribed by the Corporation Commission, and the evidence shows that such tariff sheet was not so filed, unless the evidence showing such failure to file also discloses that the act of omission was not willful, the presumption of law is that the act was willful.

(a)   Such act of omission having been proved by evidence, which did not disclose that it was not willfully done, the burden shifted to the railway company to prove that such act of omission was not willful.

(b)   **Held** that, under the facts in this record, the Corporation Commission was justified in finding that such act of omission was willful.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Appeal by the Atchison, Topeka & Santa Fe Railway Company from an order of the Corporation Commission.   Order affirmed.

*Cottingham & Bledsoe,* for appellant.

*Chas. West,* Atty. Gen., *Chas. L. Moore,* and *E. C. Patton,* for appellee.

WILLIAMS, J.   The appellant by this appeal seeks to have reversed an order of the Corporation Commission, imposing a fine of $25 on appellant for failure to comply with the Commission's order No. 198, in that it did not file a certain tariff, to wit, 8123-D, within the time prescribed in said order, which is in part as follows:

"Each railroad and railway company named above shall, on or before the date this order becomes effective, file in the office of the Corporation Commission of the state of Oklahoma, in the city of Guthrie, state of Oklahoma, one copy of each of the following documents affecting the transportation of freight and passengers upon its line of railroad and railway in the state of Oklahoma:   Rule No. 1. General freight and passenger tariffs, both state and interstate, local and joint, together with all effective amendments and supplements.   Rule No. 8. Also at the time of their issuance and before effectiveness, copies of all documents named above that may hereafter be issued for application upon such line of road."

The tariff on account of which this prosecution was based was as to rates to be used on fruit or vegetables loaded in refrigerator cars, and covers the charge for refrigerator service.   A party in El Reno complaining to the Commission of the rate assessed by the appellant on a car of cabbage from Topeka, Kan., an examination was made by the Commission, and it was ascertained that the previous tariff, to wit, tariff C, had been filed, but that D had not, and that there was no way to ascertain the rate. The complaint was then filed.   After the filing of the complaint the appellant filed the tariff with the Corporation Commission.

On the part of the appellant, the chief of the tariff bureau of the appellant testified that as to said tariff the railway company's records showed "that a copy of it was sent to the Oklahoma Commission on May 6, 1910, or a month before the tariff became effective."   He further testified as follows:

"We have no intention whatever of not wanting to file the tariff, because we filed the previous tariff, or the tariff that it canceled; and the instructions are and have been in effect for quite a few years that tariff that in any way affects Oklahoma rates, whether intra or interstate, a copy should be immediately filed with the Commission; and I don't know of any instances where a copy has not been forwarded to the Commission within

one or two days after its receipt from the printers. We have a record up there showing all the tariffs we forward to the Commission, and this tariff, before I made the affidavit I looked it up, and our records show that it was forwarded. By Mr. Henshaw: Q. Well, what has been the system of forwarding tariffs? A. We forward by United States mail, unless the quantity is so large that we have to forward by express."

On this evidence the appellant was adjudged guilty of contempt and fined $25. The judgment of the Commission is as follows:

"The information alleges that the defendant violated order No. 198 by failing to file tariff 8123-D prior to the time the same became effective. The evidence shows this tariff, carrying rates to be applied on fruit or vegetables loaded in refrigerator cars, and covering the charges for refrigerator service, was not filed prior to the time the same became effective in the state of Oklahoma, and the Commission did not know of its existence until the shippers wrote to the Commission, complaining of the rate assessed thereunder. The rule covered by this tariff seems to be greatly out of line. All tariffs must be filed with the Interstate Commerce Commission thirty days prior to going into effect, unless special permission is given for them to go into effect upon a shorter notice. The defendant's evidence shows that their records show that a copy of this tariff was sent to the Oklahoma Commission on May 6, 1910, or a month before the same became effective. The defendant further denied any intention whatever of any desire on its part not to file these tariffs, whether the rates covered by such tariff are state or interstate. Tariffs are usually forwarded by United States mail. The Commission has had much trouble in having tariffs filed before they became effective. Railroad after railroad has been let off, without imposing any penalty, upon first one excuse and then another, the same as now offered. This can no longer be tolerated. These tariffs must be filed as provided in the order. The only evidence we have that the defendant made any effort to file the tariff was that their records show that the tariff was sent. Their records could show this and yet be in error. At any rate, the tariff was not filed with the Commission, and, inasmuch as the Commission acknowledges receipt of these tariffs, the defendant, not having any such receipt in its possession, should have seen that the tariff was on file. It is therefore ordered and adjudged that the defendant be fined the sum of $25 and costs for the violation of order No. 198, failing to file the tariff mentioned in the complaint prior to the time it

went *into* effect. For all of which cost and fine let execution issue."

It is insisted by the appellant that the evidence is not sufficient to support the judgment of the Commission. There was evidence reasonably tending to show that the tariff was not filed pursuant to the order of the Commission. In fact, the appellant does not seem to contend that the same was so filed.

In *St. Louis & S. F. R. Co. v. State et al.,* 26 Okla. 764, 110 Pac. 759, it was held that:

" * * * Where the railway company admits the acts of violation with which it is charged, but attempts to defend against the proceedings upon the ground that said act was committed through a misapprehension of the order, or as a result of a mistake, the burden is upon the company to establish by competent evidence that its act complained of resulted from such cause."

Though the appellant did not admit the act of violation with which it is charged, yet, if the evidence showed such violation (the Commission so found), then the burden would shift to the appellant; for the law presumes that the act was willfully done.

Section 2829, Comp. Laws 1909 (chapter 25, art. 62), provides:

"The term 'wilfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage."

See, also, *Thurman et al. v. State,* 2 Okla. Cr. 718, 104 Pac. 67.

The tariff not having been filed, and the presumption of law following that it was willfully not filed, and the burden shifting to the appellant, the question arises as to whether, under this record, the appellant has discharged that burden.

In *A., T. & S. F. Ry. Co. v. State and A. Haber,* 31 Okla. 479, 122 Pac. 232, it is said:

"In determining the guilt of a company or corporation charged with contempt in a proceeding like this, whilst it is necessary to find that the violation was willful or intentional, yet in making this determination the Commission is permitted to look at the good faith of the company. The company, through its

superior officers, must furnish the subordinate officers with rea-
sonable instructions, in order that the subordinates may reason-
ably and in good faith and with proper diligence comply with the
orders of the Commission. Whilst it may be that the subordinate
employee may act in good faith and with reasonable diligence
under the orders that he may have, yet on account of the care-
lessness or negleet of the superior officers, there may be a derelic-
tion."

In that case it was held that the railway company by proof
discharged the burden. All the evidence in the record in appel-
lant's favor is that its records show that on May 6, 1911, within
the prescribed time, the tariff was mailed to the Commission.
There is no evidence showing who made this entry, or under what
circumstances it was made, whether by the party whose duty it
was to mail such tariff sheets, or some other person. If the tariff
sheet was sent by mail, it is to be assumed that when it was re-
ceived by the Commission it would acknowledge receipt thereof.
If such acknowledgment was not received within a reasonable
time, diligence and good faith on the part of the appellant, having
adopted the system of forwarding such matters by mail, would
have required it to make inquiry as to whether same was received.
Such seems not to have been done.

It is essential that these tariff sheets be filed at least before
such rates go into effect; and, if the appellant is to be excused
merely upon the excuse that an entry on its books shows that it
was mailed, then it would be very difficult for any conviction for
contempt in such matters to be sustained.

The appellant was not performing an act of courtesy in mail-
ing this tariff. It was its duty under the law to file the same
with the Commission within the prescribed time. Having availed
itself of the convenience of sending the tariff sheet by mail, that
did not discharge its duty, because the order was not that it
should mail the tariff sheet, but that it should be filed in a cer-
tain time.

The Commission was justified in finding that there was not
sufficient evidence to show that it was ever mailed, because this
entry may have been made by some clerk upon whom no duty was
imposed to mail the same, but, knowing that the tariff sheet was

prepared, entered it on the assumption that the clerk upon whom such duty was imposed would mail it, but who failed to discharge that duty.

We conclude that the judgment of the Commission must be sustained.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., absent, and not participating.