# THE STATE OF NORTH DAKOTA, Respondent, v. MARTIN SULLIVAN, Appellant.

(227 N. W. 230.)

Opinion filed October 24, 1929.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

*James Morris,* Attorney General, *Harold Shaft,* Assistant Attorney General, *B. A. Dickinson,* State's Attorney, and *W. R. Spaulding,* for respondent.

BURR, J. The defendant was convicted of reckless driving of an automobile. The trial court denied a motion for a new trial, and the defendant appeals.

It is charged the court erred in permitting one W. R. Spaulding, a duly licensed and practicing attorney in this state, to assist the prosecution without having been appointed by the county commissioners, or by the court, and not being an assistant attorney general nor being under oath of office as assistant state's attorney. Mr. B. A. Dickinson is the state's attorney of Ward county and is a member of the firm of Dickinson & Johnson, lawyers. Mr. Johnson is the assistant state's attorney and it appears that Mr. Spaulding is in the employ of the law firm of Dickinson & Johnson. The state's attorney filed the information and was present during the trial of the action and had supervision thereof. All this is stipulated by the parties and apparently Mr. Dickinson permitted Mr. Spaulding to conduct the examination of the jury, examine the witnesses and generally assist him. When the trial began Mr. Dickinson informed the court and the defendant that he was going to permit Mr. Spaulding to take part in the trial and there was no objection. There was nothing for the trial court to rule upon, there was no objection to the action of the state's attorney regarding Mr. Spaulding; the defendant apparently acquiesced therein and there is no error.

There are eleven alleged instances of error in the admission of testimony. We have examined these and see no error shown. For example, the court overruled the objection of the defendant in two instances but the witness did not answer the question so there was no harm even if it were error to overrule the objection. In another instance the trial court sustained objection to further examination on the ground the witness had already answered the questions several times. The record shows this was a fact. In another case the court overruled the objection of the defendant based on the fact the witness had already testified. There was no error. The question of restriction of examina-

tion is largely a matter of discretion and there was no abuse of discretion shown in either case. The defendant was driving a car on the public highway and collided with a car driven by one Rowan. The car belonging to the latter was damaged. The court permitted the mechanic who repaired the latter car, and who had examined it carefully, to give an opinion based on his inspection, as to what part of the car belonging to the complaining witness had been struck by the car driven by the defendant. The testimony showed the witness repaired the car about two days after the accident; there was nothing to indicate the car was not in the same condition at that time as when it was struck; the witness had already testified without objection as to the condition so we see no error in permitting the defendant to answer even if it did involve an opinion. The court permitted the state over the objection of the defendant to answer: "Are you the same Martin Sullivan who was convicted of engaging in the liquor traffic at the last term of the district court?" the answer being, "I pleaded guilty to a liquor charge, yes." There was no error. Prior convictions of crimes may be shown.

The record shows the state desired to have the jury visit the scene of the collision. There was no objection on the part of the defendant, in fact he agreed, and so the jury was taken there by the sheriff and in his custody. It is said this is error. In order to afford a basis for the allegation an affidavit of one Luther Hanson was filed showing that while he was some distance from the group he saw the sheriff "standing on the side of the road and pointing down the road and that the sheriff was talking to a man standing alongside of him and pointing up and down the road," and that the sheriff was a witness against the defendant "after the jury had been out to the scene of the accident." There was no error in the action of the court. There was no objection to the sheriff taking the jury there, there is nothing in the affidavit to show that he even talked to a juryman or that the man with whom he was supposed to be talking was a juryman, and there was nothing to show what he was saying.

It is charged the court was in error in instructing the jury. The portions of the charge said to be erroneous are as follows:

"Our law provides that any person who drives any vehicle upon a highway carelessly and heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circum-

spection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving."

"Our law further provides that any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life or limb of any person."

"Our law also provides that upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle."

It is not claimed that this is not a correct statement of the law. It is said these sections have no bearing upon reckless driving of the defendant. There was no error in including these portions of the law in the charge to the jury. The defendant was charged with reckless driving of an automobile. Section 3 of chapter 162 of the Session Laws of 1927 defines reckless driving as follows:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in § 63 of this act."

Reckless driving may be based entirely upon violations of the rules of the road and negligence though all cases of such violation or of negligence may not be reckless driving. A man may observe the speed limit and yet zigzag constantly so as to endanger others and wantonly interfere with their rights. The jury had a right to know the law regarding speed limit, rights of the road, manner of passing and such matters to see if there were any violations and then to determine whether these violations were such as constituted reckless driving when done in the manner and form charged. In fact the word "reckless" is not much stronger than the word "heedless" and in Lake Shore & M. S. R. Co. v. Bodemer, 139 Ill. 596, 32 Am. St. Rep. 218,

29 N. E. 697, the words are held to be practically synonymous. This includes the element of disregard of the rights of others, for when one proceeds heedlessly he is not thinking of or considering the rights of other drivers. There may be reckless driving without injury to others. Our statute includes "wilful or wanton disregard of the right or safety of others" in conjunction with carelessness or heedlessness. A driver passing a vehicle must pass to the left. In doing this he may be required to use the left half of the road and if he does this when a car is coming the other way he may be wantonly interfering with the rights of this other driver who is entitled to that half of the road. To know the rights the jury must be told the law. There was no error in reading these provisions. The last objection is that the evidence is not sufficient to support the verdict. The defendant claims that the testimony shows the complaining witness was guilty of reckless driving, was the real cause of the accident; that he himself was not guilty of reckless driving. On the other hand the witness for the state shows that the defendant appeared to be drunk; they smelled liquor from his breath, he had the appearance of a man under the influence of liquor, that he was driving in a way utterly regardless of the rights of others; that the place of the accident was such as to show conclusively he was on the wrong side of the road in an attempt to pass another automobile and swung into the complaining witness who was as near to the outside of his side of the road as he could conveniently get. Of course both parties may have been guilty of reckless driving but this would not excuse the defendant. There was sharp conflict of testimony but there is ample evidence in the record to find the defendant guilty of reckless driving as charged in the information, and all in all it was for the jury to say what weight they would give to the testimony of the witnesses. Where there is evidence sufficient to sustain the finding of the jury, even if it be contradicted by other testimony, and it is not clearly against the weight of the evidence or not unreasonable this court will not interfere especially where the presiding judge hears and denies a motion for a new trial, based, in part at least, on the same ground. The judgment appealed from is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.