169 So. 21

## HILL v. STATE.
### 8 Div. 288.

Court of Appeals of Alabama.
June 16, 1936.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

Section 1397 (51) of the Highway Code of Alabama (Code 1928) provides that any person who drives any vehicle upon a highway carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger, or be likely to endanger, any person or property, shall be guilty of reckless driving, and upon conviction shall be punished, etc.

The prosecution in this case was begun by affidavit and returnable to the law and equity court of Lauderdale county, and charged a violation of the section hereinabove referred to.

The evidence for the state tended to prove that the defendant was driving a model T Ford and running about 25 miles an hour up a grade and around a curve, after dark, with no lights on his car. According to the witnesses for the state, the defendant was driving on the left-hand side of the road and so close thereto that an automobile coming in the opposite direction could not pass on the side of the road to which it was entitled. A man by the name of Porter was driving a Ford V-8, coming down the grade on the right-hand side of the road meeting defendant's car with the lights on. Just as the cars came close together, the defendant cut his car across the road towards Porter's car, striking it at the left front wheel. At the time of the impact, the Porter car was at the extreme right of the road and had almost come to a stop. The evidence for the defendant is somewhat in conflict with the above, but for the purposes of this decision it is not necessary for us to set it out in detail.

The only question of merit in this record is as to whether the defendant was driving his model T Ford recklessly and heedlessly, in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property.

There are many decisions from courts of last resort drawing fine distinction as to what constitutes recklessness, and these are to be found in notes to the text as set out in 53 Corpus Juris, p. 552 et seq. From them all, and with due consideration of the statute under which this prosecution was brought, we are constrained to hold that that recklessness covered by the statute is an intentional course of conduct wholly disregardful of the rights of others. 53 Corpus Juris, 553, note 3.

Under the facts as testified to by the state's witnesses, and which, if believed beyond a reasonable doubt, must be considered the facts upon which the jury acted, the testimony is to the effect that at the time of and just prior to the impact, the defendant was driving on the left-hand side of the road, in open violation of section 1397 (57), which provides that, upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway. At the same time defendant was in open violation of section 1397 (93), which requires that every vehicle upon a highway within this state during the period from a half hour after sunset to a half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of 200 feet ahead, shall be equipped with lighted front and rear lamps, etc.

Under the facts, therefore, it was a question for the jury to say whether or not

204

this defendant was driving his model T Ford in violation of the statute, and, if the jury believed the testimony of the state's witnesses, the facts there testified to were sufficient to justify a conviction.

In view of the thousands of high-powered automobiles now running on the public highways of the state, the Legislature and the authorities are striving in every way possible to render the highways as safe as possible under existing conditions. The Legislature has enacted a carefully well-considered system of road laws with which every driver of an automobile should acquaint himself and, when so acquainted, should observe to the letter, but certainly it takes no law for a man to know that driving an automobile on the left-hand side of the road, at night, without lights, is but an invitation to accident, disaster, death, and destruction.

If the facts as testified to by the state's witnesses are true, there can be no doubt of a recklessness on the part of defendant that justified his conviction. As to whether they were true or not, this court must rely upon the verdict of the jury.

We have examined the other objections and exceptions taken to the admission of testimony on the trial of this case, and, while there may be some technical errors in the rulings of the court, none of them is of such character as to affect the substantial rights of the defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.