47 So.2d 283

### KIRK v. STATE.

7 Div. 99.

Court of Appeals of Alabama.
June 30, 1950.

406

Scott, Dawson & Stockton, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

In the court below the appellant was tried upon a complaint, which omitting the formal parts, reads:

"Cecil Kirk did drive a motor vehicle on the highways of DeKalb Co., Ala. in a reckless manner so as to endanger the life or property of others."

The sufficiency of the complaint was not challenged by demurrer, or otherwise.

Appellant's counsel now argues that the complaint is void, and therefore cannot support the verdict and judgment of guilty rendered thereon. *If* the complaint is void, appellant's contention is meritorious.

Section 3, Title 36, Code of Alabama 1940, defines the offense of reckless driving in two alternatives. The second alternative is as follows: "Any person who drives [a motor] vehicle upon a highway * * * without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."

It is to be noted that the complaint substantially follows the words of the statute, except that it uses the word "reckess" instead of the phrase "without due caution and circumspection."

As stated in McQueen v. State, 31 Ala.App. 101, 13 So.2d 59, 60, certiorari denied 244 Ala. 251, 13 So.2d 61: "The law is that an indictment must state the facts constituting the offense in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended. Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning."

The word "reckless," when applied to negligence, per se has no legal significance other than simple negligence, or want of due care. Stringer v. Alabama Mineral R. Co., 99 Ala. 397, 13 So. 75; Alabama Great Southern R. Co. v. Hall, 105 Ala. 599, 17 So. 176.

Likewise, the phrase, "without due caution and circumspection," constituting

one of the alternative characterizations of reckless driving, means no more than negligence, for if one drive on a highway in such manner, he is guilty of negligence. Neessen v. Armstrong, 213 Iowa 378, 239 N.W. 56, 60.

The terms "reckless," and "without due caution and circumspection" are synonymous. Actually, to a layman the term "reckless" is probably of clearer import than the phrase "without due caution and circumspection," in so far as informing him of what he is called upon to defend. The complaint was in our opinion sufficient, though not in the exact verbiage of the statute.

The evidence presented by the State tended to show that appellant was driving on a road in DeKalb County and attempted to pass another automobile going in the same direction as was appellant. This maneuver was attempted on the portion of the road consisting of a viaduct, and resulted in appellant crashing into another automobile approaching from the opposite direction.

The evidence presented by the defendant was directed toward showing that he had successfully passed the automobile on the viaduct, and had returned to his proper side of the road, when the approaching automobile veered over and ran into him.

All of the above merely presented a question of fact solely within the province of the jury to resolve. Suffice to say that the evidence presented by the State was abundant in its tendencies to support the verdict and judgment rendered.

Charge 6 was properly refused as being an incorrect statement of the law. The statute which is the basis of this prosecution is aimed at negligent driving on the highways of this State, without the qualifying adjective "public" highways.

Appellant's counsel further argues that this case should be reversed because of the State's failure to offer evidence tending to show that the scene of the collision was in DeKalb County. There is no merit in this contention because of several reasons, but primarily because the record shows that State's witness Chadwick did testify that the road on which the collision occurred was in DeKalb County, Alabama.

We have examined the rulings of the lower court relative to the admission or exclusion of evidence. In no instance do such rulings afford any ground on which to predicate error. Basic legal principles are involved in such rulings, and to write to them would be merely repetitions of often stated rules. We therefore refrain from discussion in the interest of brevity.

In our opinion this record is free of error probably injurious to the substantial rights of the appellant, and this cause is ordered affirmed.

Affirmed.