69 So.2d 874

**WHITE v. STATE.**

**5 Div. 423.**

Court of Appeals of Alabama.

Dec. 22, 1953.

Rehearing Denied Jan. 12, 1954.

J. A. Walker, Jacob Walker, Jr., Walker & Walker, Opelika, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was by a jury found guilty of manslaughter in the second degree and his punishment fixed at six months imprisonment in the Lee County jail.

Omitting the formal parts the indictment charged that defendant "unlawfully, but without malice, or the intention to kill, killed Manuel Sharman by negligently driving an automobile, in which said Manuel Sharman was riding, in such a reckless and heedless manner that said automobile was turned over and wrecked, thereby killing said Manuel Sharman."

The first insistence of error by appellant's counsel is the court's action in overruling demurrers interposed by defendant to the indictment.

In support of his insistence counsel urges that because of the inclusion of the phrase "in such a reckless and heedless manner"

the higher offenses of homicide are combined with that of manslaughter in the second degree. He argues that the words "reckless and heedless" import an intentional course of conduct that is inconsistent with the averment that the act was negligently done, which is all that is prescribed by the statute for manslaughter in the second degree. Form 74, Section 259, Title 15, Code 1940. In support of his contention that these words are the legal equivalent of "intentional" he cites Hill v. State, 27 Ala.App. 202, 169 So. 21, 22. The court there had under consideration a charge of reckless driving under our statute and Judge Samford observed: "We are constrained to hold that that recklessness covered by the statute is an intentional course of conduct wholly disregardful of the rights of others." And counsel states that by using the word reckless the indictment incorporates a charge of the offenses denounced by the reckless driving statute.

Under this statute, Section 3, Title 36, Code 1940, the offense of reckless driving is defined in two alternatives. Under the first characterization it includes "Wilful or wanton disregard of the rights, or safety of others" in conjunction with "carelessness or heedlessness." In Louisville & Nashville Railroad Co. v. Orr, 121 Ala. 489, 26 So. 35, 41, the court held that "reckless carelessness," when used in connection and conjunction with the words "willfulness and wantonness" is to be taken, if not as expressing the same idea, at least as not repugnant to them.

In Kirk v. State, 35 Ala.App. 405, 47 So. 2d 283, 285, we held that the second characterization of reckless driving in the statute means nothing more than negligence and "the word 'reckless,' when applied to negligence, per se has no legal significance other than simple negligence, or want of due care."

The Supreme Court of North Dakota, had under consideration in State v. Sullivan, 58 N.D. 732, 227 N.W. 230, 231, a reckless driving statute in the same verbiage as ours. The court stated: "Reckless driving may be based entirely upon violations of the rules of the road and negligence, though all cases of such violation or of negligence may not be reckless driving. * * * In fact the word 'reckless' is not much stronger than the word 'heedless,' and in Lake Shore & M. S. R. Co. v. Bodemer, 139 Ill. 596, 29 N.E. 692, 697, 32 Am. St.Rep. 218, the words are held to be practically synonymous."

Our Supreme Court held in the case of Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219, that the word "reckless" is not the equivalent of wanton or intentional.

In Thurman v. State, 2 Okl.Cr. 718, 104 P. 67, 68, the Oklahoma Court stated: "The word 'recklessly' means heedlessly, carelessly, or indifferent to consequences, without contemplating or intending those consequences. As a general rule, there is a wide difference between intentional acts and those results which are the consequences of recklessness or carelessness", citing Harrison v. State, 37 Ala. 154, and Felton v. U. S., 96 U.S. 699, 24 L.Ed. 875.

 We are of the opinion the words "reckless and heedless" as used in the indictment here import no more than negligence on defendant's part. Also, we are of the opinion there is no merit in counsel's contention that the indictment fails to sufficiently aver that defendant's conduct was the proximate cause of Manuel Sharman's death. The demurrer was properly overruled.

There were no eye witnesses to the wreck.

For the State, Caesar Murphy testified appellant's car was stalled at a railroad crossing when witness drove up behind him. Manuel Sharman was a passenger in the automobile. When appellant had succeeded in starting his car he drove off, apparently in low gear, at approximately ten miles per hour. After crossing the railroad witness turned off on a road to the right. When he had traveled a short distance his attention was attracted by a "cloud of dust" in the direction appellant had taken. He went to the scene and found appellant's car wrecked in the ditch on its left side of

the dirt road. Manuel Sharman was lying on the ground, dead, with the car on his head. Appellant's automobile had traveled about fifty yards from the railroad crossing when the wreck occurred.

R. A. Ware, a highway patrolman, testified when he arrived at the scene of the wreck shortly after 5:00 o'clock he observed where a car had started skidding and turned around in the road and rolled over on the right hand side and it was lying partly on top of Manuel Sharman. He saw skid marks for a distance of thirty four yards. The wreck was one tenth of a mile from McCullough's railroad crossing. He testified he smelled alcohol on defendant's breath and defendant stated to him he had drunk four beers that afternoon. Defendant also told him the drag or something under the steering wheel was loose, causing the car to wreck, and witness checked it but couldn't see anything loose, and when he turned the steering wheel it turned the wheels.

As a witness in his own behalf, defendant testified Manuel Sharman was his brother-in-law. He testified he started off from the railroad crossing in low gear and when he pushed the lever into second gear "it seemed like that that steering wheel locked or the wheel grabbed, one of them, the right hand wheel dipped like that * * * there wasn't anything, nobody wasn't passing nobody, it was just right in the middle of the road. Just an accident." He testified the wreck occurred around 5:15. He stated he had had no beer since two o'clock and that he ate dinner at three o'clock. Defendant also introduced testimony as to his good character.

■ "Manslaughter in the second degree is defined as the unlawful killing of another human being, without malice and without the intent to kill or to inflict the injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor, or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent or improper manner." Jones v. State, 21 Ala.App. 234, 109 So.

189, 191. See also, Wilson v. State, 32 Ala. App. 591, 28 So.2d 646; Lightfoot v. State, 33 Ala.App. 409, 34 So.2d 614; Massengale v. State, 36 Ala.App. 195, 54 So.2d 85.

■ After a careful consideration of the evidence presented, we are of the opinion that it shows no more than an unfortunate accident, and that it was not sufficient to justify defendant's conviction of manslaughter in the second degree.

■ The law is too well settled to require citation of authority that the scintilla rule has no application in a criminal case wherein the accused is clothed with the presumption of innocence, but in order to sustain a conviction there must be substantial evidence tending to support all elements of the offense charged. The State failed to meet the burden imposed by law upon it, and the defendant was entitled to the general affirmative charge. For its refusal, the judgment of the lower court is reversed and remanded.

Reversed and Remanded.