M. G. SILVA *v.* CHARLES S. DESKY, doing business as
BRUCE WARING & COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 31, 1900.      DECIDED MARCH 6, 1901.

FREAR, C.J., GALBRAITH, J., AND LORRIN ANDREWS, ESQUIRE, OF
THE BAR, IN PLACE OF PERRY, J., DISQUALIFIED.

An action for damages for breach of contract of sale of real estate may
be maintained on a written instrument signed only by the party
sought to be charged.

The necessity of tender by one of the parties to an executory contract
is waived where prior to default on his part the other party to
the contract places it beyond his power to perform.

OPINION OF THE COURT BY GALBRAITH, J.

The action was for damages for breach of contract. It is
alleged that the plaintiff agreed to purchase of the defendant
three certain lots at Puueo, Hilo, Island of Hawaii, for four
hundred dollars each and that $150.00 of the purchase price
was paid at time of entering into said contract and at the same
time defendant executed and delivered to the plaintiff a certain
instrument in writing in words and figures following to wit:

"150.00.               Honolulu, August 25, 1896.
Received from M. G. Silva the sum of one hundred and fifty
dollars being a preliminary payment to secure lots 11, 12, 13 in
block 2 of the land known as Puueo, situated in Hilo, Hawaii,
H. I., and lately sold by the Hilo Sugar Company to Bruce
Waring & Co., the purchase price for said three lots being twelve
hundred dollars. This deposit binds the vendors only as fol-
lows:—Possession of land not to be given until the same is sur-

veyed which shall not be later than March 1st 1897 when agreement of sale will be executed for balance of purchase money of one thousand dollars pabable in six and twelve month with eight per cent. interest from March 1st 1897 to be paid as follows:— the further sum of two hundred and fifty dollars on delivery of said agreement of sale: four hundred dollars on August 1st 1897, and the balance of four hundred dollars on February 1st 1898, when a Warranty Deed for the above described lots will be given.   Vendors do not bind themselves to the size of lots which are shown on a map of said land now in the office of Bruce Waring & Co. in Honolulu and F. M. Wakefield, in Hilo.

Bruce Waring & Co."

That without notice to the plaintiff or any attempt to perform the contract with him, defendant sold said lots to other parties for five hundred dollars each or for three hundred dollars more than the price plaintiff was to pay for them.

The defendant in his answer pleads the general issue and gives notice that he "intends to rely on the defense of release."   A trial was had to a jury and a verdict returned for the plaintiff for $486.00, this being for the $150.00 paid and for the $300, the advance in the price at which the lots were sold and interest thereon from commencement of suit to date of judgment at the rate of 6% per annum.

The defendant comes up on exceptions.

The first is to the following question asked of the plaintiff "State whether or not you agreed to purchase from Mr. Desky certain lots of land in Puueo, Hilo?"; and the second is to the overruling defendant's objection to the admission in evidence of the written instrument above quoted.   The question was a proper one and the writing was competent and relevant and properly admitted.

At the close of plaintiff's case the defendant moved for a nonsuit on the ground "that the evidence showed that the contract entered into between the parties was unilateral and that the plaintiff was not bound by it and has done nothing since the making of the contract by which he became bound thereby." This motion was denied and exception taken.

We think that the motion was properly denied.   The question

presented by the motion was not as suggested by counsel for defendant, whether the contract made between the plaintiff and defendant was bilateral or unilateral but was it such a contract, or the memorandum thereof, as bound the defendant, the party sought to be charged.

It is further objected that at the close of the evidence the court instructed the jury in part as follows: "I charge you that you must find the following as facts: That on August 25th 1896, the defendant agreed to sell to the plaintiff three lots in question for the price of $1200.00 upon the terms as to payment stated in the instrument on file; that at that time plaintiff paid Desky $150.00 on account of the purchase price of the lots and therefore I have said it is an agreement of sale and not an option that was given in August, 1896, by the defendant to the plaintiff; further that the defendant has committed a breach of the agreement unless you find that there was a surrender or release by the plaintiff."

This instruction it seems correctly construes the writing as understood by the parties at the time of its execution. Both plaintiff and defendant testify that the defendant agreed to sell the lots and plaintiff agreed to buy them at the price and on terms set out in the writing signed by the defendant. Although the latter part of the instruction is not a full statement of the law, it possibly is as full a statement as was required under the issue presented by the pleadings and the evidence.

The instruction as to the measure of damages was a correct statement of the law as applied to this case.

While the instructions requested by the defendant and refused by the court were, we think, in the main, correct as abstract propositions of law, they were not in harmony with the issue or the evidence and were properly refused.

The court in construing the written instrument properly held that the $150.00, receipt of which is acknowledged therein, was not paid for the privilege of "exercising the right to accept" the lots when offered at a later date but was a part performance on his part and a payment on the purchase price.

Whether this writing signed only by the defendant was a

unilateral or a bilateral contract does not seem to be important or material to determine since it is signed by the party sought to be charged and that is sufficient for this controversy under the rule announced by the Supreme Court of the Republic of Hawaii, in *People's I. & R. Co. v. Haw. Electric Co.*, 9 Haw. 435. The same rule was announced and followed by the Supreme Court of California in an action on a written instrument similar to that involved in this case. *Dennis v. Strassburger*, 26 Pac. Rep. 1070.

It seems that the question, whether under the contract as a condition precedent to bringing his action the duty was not incumbent on plaintiff to tender the $250., due on the completion of survey and demand the further agreement of sale mentioned in the writing of August 25th 1896, is answered by the assertion that the defendant notified him that the lots would not be surveyed by March 1st and that he would be notified when they were surveyed and that the next notice he had from the defendant was that the lots had been sold to other parties and that as the defendant had placed it out of his power to perform the contract a tender on behalf of plaintiff was thereby rendered useless and unnecessary. The defendant seems to have relied wholly on the defense of release. The questions of fact involved in these respective issues were properly submitted to the jury for determination. The jury found for the plaintiff. In order to do this it was necessary for them to find in favor of his contention of the facts and against those of the defendant.

The exceptions are overruled.

*Robertson & Wilder* for plaintiff.

*Kinney, Ballou & McClanahan* and *H. A. Bigelow* for defendant.