BARBARA E. GELBER *v.* SHERATON-HAWAII CORPORATION, A DELAWARE CORPORATION, DBA THE MOANA HOTEL.

No. 4443.

AUGUST 18, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY MIZUHA, J.

This is an appeal from a judgment entered after a jury verdict against plaintiff, who claimed in an action for damages that defendant's steps had been maintained in a negligent fashion in disregard of the duty owed to her as a patron of the hotel. According to plaintiff, she tripped and fell when she was descending the steps at the main entrance of defendant's hotel. The evidence is not conclusive as to the exact step on which she tripped, or as to what caused her to trip and fall. Both plaintiff and her husband testified that after the fall, they noticed that the aluminum stripping on the top step was raised approximately one quarter of an inch for a length of about two feet. There is no testimony that the aluminum stripping on the top step was in this defective condition immediately prior to the fall.

Plaintiff contends in her first specification of error that the lower court erred in giving to the jury Defendant's Requested Instruction No. 4, as modified, reading as follows:

"Plaintiff Barbara E. Gelber was on June 24, 1960, a guest at a hotel owned by defendant Sheraton-Hawaii Corporation and as such is called in law an invitee. The law imposes upon Defendant Sheraton-Hawaii a duty to its invitees to exercise ordinary care to keep the premises it occupies reasonably safe for use by its invitees.

"If there is danger attending the invitee's use of the premises and such danger arises from conditions

not readily apparent to the senses of the ordinary person, and if the owner has actual knowledge of such conditions or if such conditions would have been known to an owner in the exercise of ordinary care under the circumstances, the law then imposes upon the owner the duty to either correct the condition or give the invitee reasonable warning of such danger. A failure to do so is negligence.

"But the responsibility of the owner of the premises is not absolute, it is not that of an insurer. The mere existence of a defect or a dangerous condition is not enough to establish negligence unless it is shown that the owner knew of it or unless it is shown to be of such a character or of such duration that owner would have discovered it with due care *and the owner is entitled to assume that the invitee will see and observe that which would be obvious through reasonably expected use of an ordinary person's senses. There is no duty to give the invitee notice of an obvious danger.* (Emphasis added.)

"However, in the absence of appearances that caution him or her, or would caution a reasonably prudent person under like circumstances, the invitee has a right to assume, and to act upon the assumption, that the premises he or she is invited to enter are reasonably safe for the purposes for which the invitation is extended."

Plaintiff objected to that portion of the instruction which stated: "* * * [A]nd the owner is entitled to assume that the invitee will see and observe that which would be obvious through reasonably expected use of an ordinary person's senses. There is no duty to give the invitee notice of an *obvious danger.*" (Emphasis added.) She argues that "it is prejudicial error to instruct the jury on an

issue or state of facts not supported or warranted by evidence adduced at trial, *albeit* the instruction might otherwise be a correct statement of the law and perfectly proper had sufficient supporting evidence been presented," and that it intimates or suggests "that the danger presented at appellee's premises might have been obvious and appellant might therefore have been contributorily negligent." We agree. *Wittstruck* v. *Lee,* 62 S.D. 290, 252 N.W. 874; *Heacock* v. *Baule,* 216 Iowa 311, 249 N.W. 437. *Vannoy* v. *Pacific Power & Light Co.,* 59 Wash. 2d 623, 634, 369 P.2d 848, 854. *Cf., Silva* v. *Desky,* 13 Haw. 307, 309; *In re Ah Sam,* 24 Haw. 591, 595; *Territory* v. *Duvauchelle,* 40 Haw. 534, 540.

We have carefully examined the record and find nothing to support the statement in the instruction permitting the jury to find that the steps where the fall occurred constituted an "obvious danger."[1]

Defendant contends that the jury could not have been misled by this instruction and that "the jury undoubtedly from the whole testimony found for appellee (defendant) on the basis that there was no negligence on appellee's part. * * * The inclusion of a single unnecessary sentence in appellee's requested Instruction No. 4 referring to an obvious danger was immaterial at most and if error is certainly not prejudicial."

The record, of course, does not directly indicate whether the reference to "obvious danger" in the instruction influenced the jury in arriving at its verdict against the plaintiff. In jury trials, however, an erroneous instruction is presumptively harmful and is "ground for reversal unless it affirmatively appears from the whole

---

[1] The trial court in denying the motion for a new trial stated that the "step, as shown by the evidence, did not constitute an obvious danger" and "that under all the circumstances of the case, it just seemed to me there was no evidence of contributory negligence." .

record that it was not prejudicial." *Ahana* v. *Insurance Co. of North America,* 15 Haw. 636, 641; *McCandless* v. *United States,* 298 U.S. 342, 347; *Fillippon* v. *Albion Vein Slate Co.,* 250 U.S. 76, 82; *Lynch* v. *Oregon Lumber Co.,* 108 F.2d 283, 286. In *McCarthy* v. *Pennsylvania R.R.,* 156 F.2d 877, 882, it is said that the giving of an instruction unwarranted by the state of the evidence is "bound to confuse and mislead the jury." This court has pointed out that an instruction which singles out and unduly emphasizes certain facts, tends to mislead the jury into thinking that because the court has specifically referred to these facts, the court believes them to be true. *Collins* v. *Shishido,* 48 Haw. 411, 418, 405 P.2d 323, 328; *Powell* v. *Bartmess,* 139 Cal. App. 2d 394, 294 P.2d 150, 156.

As has been stated, there is a complete absence of any evidence to indicate that the condition of the steps was an obvious danger. The effect of the instruction was to mislead the jury into believing that such an obvious defect in the steps might have existed. On considering the full record in this case we cannot conclude that the presumption of prejudice in respect to this error in the instruction is overcome.

The error in the instruction was compounded by the fact that there is a serious question as to whether the record presents evidence to indicate that the plaintiff may have been contributorily negligent in any respect. However in view of the conclusion we have reached that the injection into the case by the instruction of the question of whether the condition of the steps might have constituted an obvious danger in and of itself was prejudicial error, we deem it unnecessary to consider plaintiff's second specification of error contending that the trial court erred in failing to instruct the jury as a matter of law that "the plaintiff's conduct did not contribute in any manner to the injury."

Plaintiff's third specification of error as corrected in the reply brief and during argument, contends that the lower court erred in refusing to grant her motion for judgment notwithstanding the verdict on the issue of liability when "the uncontradicted evidence adduced at trial proved negligence, as a matter of law, on the part of the appellee." Plaintiff did not move for a directed verdict at the conclusion of all the evidence as required by H.R.C.P., Rule 50(a). See *Eisenberg* v. *Smith,* 263 F.2d 827. But she did ask the trial court for an instruction (No. 1) directing the jury to return a verdict as to liability which instruction was refused. As held in *Pooler* v. *Stewart's Pharmacies, Ltd.,* 42 Haw. 618, 620, that was not a motion for directed verdict. However, plaintiff argues that this meets the requirements of H.R.C.P., Rule 50(a) and (b) since the question presented by the motion for partial judgment n.o.v., which was supported by a detailed statement of reasons, was dealt with on the merits without objection in the court below.[2] Defendant did not object to the motion for partial judgment n.o.v. on the ground (1) that plaintiff did not move for a directed verdict at the conclusion of the trial or (2) that she did not give any specific reasons in support of her requested instruction No. 1. See *Deponte* v. *Ulupalakua Ranch,* 48 Haw. 149, 150, 396 P.2d 826, 827. *Cox* v. *City of Freeman,*

---

[2] Plaintiff's motion for partial judgment n.o.v. reads:

"I. Pursuant to Rule 50(b) of the Hawaii Rules of Civil Procedure plaintiffs move the Court to set aside the general verdict entered in the above entitled action on March 18, 1964, and to enter judgment. notwithstanding the verdict, in favor of plaintiffs on the issue of liability, in accordance with the motion for directed verdict, in the form of plaintiffs' requested instruction No. 1 made by plaintiffs at the close of all the evidence therein, on the ground, as stated when that instruction was requested, that plaintiffs' evidence of negligence was, as a matter of law, conclusive on the issue of liability (the Court having already ruled that there was no evidence of contributory negligence)."

A detailed statement of reasons supported the motion for partial judgment n.o.v.

*Missouri,* 321 F.2d 887, 891. See also *Quint* v. *Kallaos,* 161 F.2d 605; 2B Barron & Holtzoff, *Federal Practice & Procedure,* § 1073, n.12. Ordinarily, where there is failure to comply with H.R.C.P., Rule 50(a) and (b), the denial of the motion for partial judgment n.o.v. will not be reviewed on appeal. However, since the trial court and defendant's counsel without objection treated the plaintiff's requested instruction No. 1 as a motion for directed verdict, and the motion for judgment n.o.v. was specific, we have considered this specification of error.[3] *Psinakis* v. *Psinakis,* 221 F.2d 418; *Albertville* v. *United States Fid. & Guar. Co.,* 272 F.2d 594. See *Deponte* v. *Ulupalakua Ranch, supra.* We have carefully reviewed the evidence adduced at the trial and find plaintiff's contention to be without merit. The question of liability was for the jury to decide.

Notwithstanding the foregoing we think we should add here, as a caveat, that the proper and only safe course to follow in a case where counsel desires and intends to challenge the sufficiency of the evidence is to raise the question and preserve his record by making the motion called for by Rule 50(a) and not by a requested instruction.

Reversed and remanded for a new trial.

*Don J. Gelber* (*Hyman M. Greenstein & Stuart M. Cowan* on the briefs) for plaintiff-appellant.

*Willson C. Moore, Jr.* (*Henshaw, Conroy & Hamilton* with him on the brief), for defendant-appellee.

---

[3] As stated in 2B Barron & Holtzoff, *Federal Practice & Procedure,* § 1073:

"The requirement [of specific grounds] is important. If the rule were otherwise a judgment notwithstanding the verdict might be entered under Rule 50(b) on motion after the close of the trial, on a ground which could have been met with proof if it had been suggested in the motion."

Here defendant waived the objection that specific grounds were not presented before the close of the trial, by making no objection to the motion for judgment n.o.v. on that basis.

I concur in the result and in the court's disposition of specifications of error numbered one and two but I am unable to agree with the reasons advanced by the majority for entertaining the third specification of error in this case.

A request for an instruction to return a specific verdict does not take the place of a motion for a directed verdict. *Pooler* v. *Stewarts' Pharmacies, Ltd.,* 42 Haw. 618, 620. While it may be inferred from the record that the plaintiffs' Requested Instruction No. 1 to "return a verdict in favor of the plaintiffs" was considered and treated as tantamount to a motion for a directed verdict, thus possibly constituting a waiver of the form that the motion for a directed verdict should take, still nowhere does it appear that the "specific grounds"[1] for a directed verdict were stated prior to submission of the case to the jury.

Under normal and orderly procedure a motion for a directed verdict should be made at the close of all the evidence and before the instructions are considered. The requirement of H.R.C.P., Rule 50(a) that such a motion "state the specific grounds therefor" serves the salutary purpose of not only permitting opposing counsel to meet objections by further proof, but also of fairly and squarely apprising the trial court of the particular grounds upon which the party seeks the trial court's ruling to take the case from the jury. *Pooler* v. *Stewarts' Pharmacies, Ltd.,*

---

[1] An instruction directing the jury to find a verdict on the basis of the evidence and applicable law does not state "specific grounds," as required by H.R.C.P., Rule 50(a). *Eisenberg* v. *Smith,* 263 F.2d 827, 829 (3rd Cir. 1959), *cert. denied,* 360 U.S. 918; see *Budge Manufacturing Co.* v. *United States,* 280 F.2d 414 (3rd Cir. 1960). The grounds here specified in the instruction that the defendant "was negligent as a matter of law, in the maintenance of the front stairway of the Moana Hotel" and that the plaintiff "without contributory negligence on her part, was injured as the result of such negligence" do not add anything to the generality of the direction to the jury "to return a verdict in favor of the plaintiffs" on the basis of the evidence and applicable law.

*supra,* 42 Haw. 618, 621. I can see no justifiable reason why a litigant who desires to contest the sufficiency of the evidence should not be able to readily comply with, or why he should not be required to abide by, the explicit provisions of the rule. To loosen the simple and easily understood requirements of H.R.C.P., Rule 50(a), as the court does in this case, will in my opinion only encourage laxity on the part of trial counsel and generate problems for both the trial and this court where none would arise if compliance with the procedure prescribed by the rule were insisted upon.

I would hold that the question of the sufficiency of the evidence is not properly reserved for review. However, as stated, I am otherwise in agreement with the opinion of the court.