CITY OF SIOUX FALLS, Respondent v. POPPENGA, Appellant

(70 N. W.2d 370)

(File No. 9453. Opinion filed May 18, 1955)

**Robert S. Golden,** City Atty., and **John E. Burke,** Deputy City Atty., Sioux Falls, for Plaintiff and Respondent.

**T. R. Johnson,** Sioux Falls, for Defendant and Appellant.

RENTTO, J. The complaint in this action in separate counts charged defendant with two violations of the ordinances of the city of Sioux Falls. The offense of driving while intoxicated is charged in Count One and reckless driving in Count Two. The verdict of the jury found defendant not guilty as to Count One and guilty as to Count Two. On this conviction judgment was entered and motion for a new trial denied. This appeal is from the judgment and the order denying the motion for a new trial.

The ordinance of the city of Sioux Falls under which Count Two of the complaint is drawn provides that a person is guilty of reckless driving if he drives a vehicle upon any street, alley, or public place in the city "carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution or circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property". The quoted words are obviously taken from our state statute defining the crime of reckless driving, SDC 44.9921.

In State v. Rossman, 64 S.D. 532, 268 N.W. 702, 703, this court in construing our reckless driving statute, Section 3, Chapter 251, Laws of 1929, now SDC 44.9921 said "The language of the statute is in the alternative; the offenses created are, first, the careless and heedless driving of a vehicle in willful or wanton disregard of the rights or safety of others, and, second, the driving of a vehicle without due caution and circumspection at a rate of speed or in a manner so as to endanger or be likely to endanger any person or property." We believe the ordinance here involved must be given a similar construction.

 Count Two of the complaint charged that the defendant "did operate a motor vehicle carelessly and heedlessly and in wilful and wanton disregard of the rights and safety of others or without due caution". It seems clear to us that this count charged the offense of. reckless driving within the first definition. It does not state an offense under the second definition. To constitute an offense under the first definition it is essential that the acts complained of be committed in "willful or wanton disregard of the rights or safety of others".

The words wilful or wanton were not defined or explained in the instructions given. Appellant asked the court to give his requested Instruction IV. This instruction defined the words "wilful and wanton" exactly as those terms were defined by this court in State v. Rossman, supra. The court's refusal to give this requested instruction is appellant's principal complaint on this appeal.

The court construing the reckless driving statute in the Rossman case approved and applied the following definition of wilful and wanton: " 'They describe conduct which partakes to some appreciable extent, though not entirely of the nature of a deliberate and intentional wrong. To bring the conduct of the defendant within the prohibition of this statute the jury must find as a fact that defendant intentionally did something in the operation of a motor vehicle which he should not have done or intentionally failed to do something which he should have done under such circumstances that it can be said that he consciously realized that his conduct would in all probability (as distinguished from possibly) produce the precise result which it did produce and would bring harm to the plaintiff.' " This definition was taken from the opinion of this court in the case of Melby v. Anderson, 64 S.D. 249, 266 N.W. 135. The definition there given to the words wilful and wanton as used in our automobile guest statute was applied to the same words in our reckless driving statute.

██ ██ Concerning this the court in the Rossman case said "It is true that the statute construed in that case has reference only to civil actions, but the words 'wilful' and

'wanton,' used conjunctively, to describe the manner of the operation of a motor vehicle, in the criminal statute under consideration, do not import less than that stated." It is our view that this observation applies to these words in the ordinance here involved. When so interpreted the words wilful and wanton acquire a particular legal significance different from the conventional sense in which they are commonly used and understood. We believe the court's refusal to give the requested instruction must be held prejudicial to the defendant.

The judgment and order appealed from are reversed.

All the Judges concur.