STATE, Respondent v. MUHS, Appellant

(137 N.W.2d 237)

(File No. 10163.   Opinion filed September 15, 1965)

**Dennis R. Padrnos,** of Tinan, Carlson & Wuest, Mitchell, S. D., for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Robert E. Ruddy,** Asst. Atty. Gen., Pierre, S. D., **A. H. Shuster,** State's Atty., Mitchell, S. D., for plaintiff and respondent.

BIEGELMEIER, J.   A jury found defendant guilty of the crime of reckless driving. The court sentence was thirty days in jail and a fine of $500 with the jail sentence suspended. The first assignment of error is based on denial of a motion for a directed verdict of not guilty. A statement of the evidence is therefore appropriate.

It appears defendant was driving in a westerly direction on graveled Highway 36 and approaching the intersection of Highway 10 about 4:15 p. m., November 20, 1963. Highway 10 is a hard surfaced through highway. About fifty feet on the east side is a "Yield Right of Way" sign. Defendant was familiar with the intersection and this sign, and had traveled the road many times as he lived in that vicinity.

Defendant testified he looked but did not see anybody coming—as he was going to cross the highway the front of his pickup hit the right side, near the rear, of a car coming from the south driven by a Mrs. Schonley. She died at the scene of the accident. Defendant further testified he did not see her until she was two or three feet in front of him. The view to the south was unobstructed for a person driving west on Highway 36 for many hundred feet, and traffic on Highway 10 was visible for a distance varying from 240 feet as defendant admitted or according to other evidence from 500 feet to less than 1,000 feet. There was testimony defendant was traveling 40 miles an hour, and as he approached the intersection slowed to between 20 and 25 miles per hour; that he was having trouble with his brakes, and had them adjusted; but he did have to pump them to make a sudden stop and he didn't have time to pump them; the car was right in front of him before he realized it.

Heretofore SDC 44.9921 defined reckless driving. So far as is apt here, it read:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in **willful or wanton** disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving * * *." (Emphasis supplied)

So phrased, this court in State v. Rossman, 64 S.D. 532, 268 N.W. 702, said the use of the words "willful and wanton" described conduct which partook to some extent of the nature of deliberate or intentional wrong, following that expression construed in the earlier civil action of Melby v. Anderson, 64 S.D. 249, 266 N.W. 135. The Rossman opinion pointed out reckless driving was in the alternative, i. e.: first, the driving in the "willful and wanton disregard" phrase, and second, the "without due caution" phrase and concluded the evidence insufficient to support the conviction. See also City of Sioux Falls v. Poppenga, 75 S.D. 563, 70 N.W.2d 370 and State v. Tjaden, N.D., 69 N.W.2d 272. The 1955 Legislature by Sec. 1 of Ch. 185 amended this section deleting the words "willful or wanton". Cluts v. Peterson, 79 S.D. 462, 113 N.W.2d 273.[1]

■■ The complaint here charges the offense in the words of the second definition. In discussing the latter, the court in Rossman indicated if a speed violation was present, "it must also appear that the violation of the statute (speed) was the proxi-

---

1. An example of the difficulty of defining degrees of negligence is that of a Pennsylvania statute which first stated the crime of reckless driving as "Any person who drives any vehicle * * * carelessly and willfully, or wantonly disregarding the rights and safety of others * * *". (Emphasis supplied) It was amended in 1951 by deleting the words emphasized above. In Commonwealth v. Forrey, 172 Pa.Super. 65, 92 A.2d 233, the court considered the effect of this deletion. It concluded the amended statute set a standard "at less than wilful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or mere absence of care * * *. Reckless driving as * * * described in the 1951 amendment * * * is a definition of culpable negligence. * * * culpable negligence under the 1951 amendment, therefore, need not be wilful or wanton * * *." But in State v. Bates, 65 S.D. 105, 271 N.W. 765, this again quoting from the Melby opinion said in effect culpable negligence was of the same quality or standard as willful and wanton. To follow the Pennsylvania decision would be to restore the "wilful and wanton" standard, if not the words, deleted by the amendment. As the complaint charges violation of the "without due caution" phrase the effect of the change here is not involved, except perhaps to indicate a legislative intent.

mate cause of the accident." We will first examine defendant's duties as he approached this intersection. Ch. 225, 1961 Session Laws authorizes the designation of

> "main traveled or through highways by erecting at the entrances thereto from intersecting highways, signs notifying drivers of vehicles to come to a full stop or to yield and before entering or crossing such designated highways shall be certain that such main traveled or designated highway shall be free from oncoming traffic which may affect safe passage. It shall be unlawful for the driver of any vehicle to fail to comply with the provisions of this section.  *  *  *

> "Preferential right of way at an intersection may be indicated by stop signs or yield signs  *  *  *.

> "The driver of a vehicle approaching a yield sign shall in obedience to such sign slow down to a speed reasonable for the existing conditions, or shall stop if necessary as provided in section 44.0321, and shall yield the right of way  *  *  *  to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard. Said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection shall yield to the vehicle so proceeding, provided, however, that if such driver is involved in a collision with a pedestrian in a crosswalk or a vehicle in the intersection after driving past a yield sign without stopping, such collision shall be deemed prima facie evidence of his failure to yield right of way."

With reference to the duty of a driver approaching a through highway protected by a stop sign the court said in Kundert v. B. F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786, "It was plaintiff's duty to stop and to make, before and after entering the intersection, observations and to adapt his movements to accord with his own safety". Defendant was bound to effectively look for and observe the through highway to make certain it was free from oncoming traffic which may affect his safe passage and stop if necessary and yield the right of way as provided

in Ch. 225; to proceed without making any observations or to drive into the intersection knowing of the oncoming traffic would be sufficient basis for a finding the defendant drove without due caution and circumspection and in a manner likely to endanger another person or property. Similarly, this court has held in civil actions that it was negligence as a matter of law to fail to stop and keep a proper outlook for oncoming cars. See Rowan v. Becker, 73 S.D. 273, 41 N.W.2d 836, and Vlach v. Wyman, 78 S.D. 504, 104 N.W.2d 817. The only difference between a stop sign and the yield sign is the duty always exists to stop and look effectively for the stop sign and for a yield sign the duty is to slow down, effectively look to see if the highway is free from oncoming traffic, and stop if necessary to yield the right of way as set forth in that paragraph. These are the standards of due caution and circumspection declared by the Legislature. Violation of them was a proximate cause of the collision. Rowan v. Becker, supra.

An Alabama statute contained the same wording as our second phrase. In Kirk v. State, 35 Ala.App. 405, 47 So.2d 283, the court wrote:

"* * * the phrase, 'without due caution and circumspection,' constituting one of the alternative characterizations of reckless driving, means no more than negligence, for if one drives on a highway in such manner, he is guilty of negligence."

In Neessen v. Armstrong, 213 Iowa 378, 239 N.W. 56, as to a statute the same as our SDC 44.9921 said:

"The second alternative, to wit, 'or without due caution and circumspection,' constitutes no more than negligence".

■■ Pointing out that the Hawaiian statute[2] does not use the words willful and wanton or reckless commonly employed elsewhere, the court after a review of many state statutes and

2. R.L.H.1955, § 311-1: "Whoever operates any vehicle * * * carelessly or heedlessly of the rights or safety of others, or in a manner so as to endanger or be likely to endanger any person or property * * *"

opinions concludes both portions of their statute set up a standard of ordinary care, namely the failure to exercise that care which a reasonably prudent person would have exercised under the given circumstances. State v. Tamanaha, 46 Hawaii 245, 377 P.2d 688.[3] That is our definition of negligence (Wittstruck v. Lee, 62 S.D. 290, 296, 252 N.W. 874, 877, 92 A.L.R. 1361) and we believe it is sound and readily understood. With it as a standard a criminal case differs from a civil case, in the quantity of proof, requiring it to be beyond a reasonable doubt. The negligent act, of course, must also be one that endangers or is likely to endanger the person or property of another. The jury could find defendant did not look at all until he saw the car in front of him two or three feet away, though it was plainly visible from 240 feet to over 500 feet. This evidence, with brakes that had to be pumped, was conduct within the ambit of reckless driving charged and described in the second definition of SDC 1960 Supp. 44.9921.

The trial court instructed the jury as to the law of the road, that is the duty of a driver approaching an intersection of a highway where a yield sign was erected, the duty to exercise ordinary care as to lookout and for the motor vehicle to be equipped with brakes in good working order. No objection is made that the instructions did not properly state the law—error is asserted defendant was not being tried for failure to yield or keep proper lookout and there was no evidence the brakes were not operating properly. Giving similar instructions in a reckless driving prosecution was held not to be error in State v. Sullivan, 58 N.D. 732, 227 N.W. 230, where the court wrote:

---

3. Much of the uncertainty of the offense commonly referred to as "reckless driving" is due to the differences of the wording of the various statutes; Fisher, Vehicle Traffic Law, 1961, p. 323, et seq. which sets out many of these statutes and see 8 Blashfield § 5368, Cyclopedia of Automobile Law and Practice. The terms vary from our former "willfully and wanton", "high degree of negligence", "reckless driving", "recklessly", etc. Interpretations by the courts have not always arrived at the same conclusions. Some of them have stated the negligence should be from ordinary negligence and more than ordinary negligence to culpable, gross and criminal negligence. In a state where it was said we "do not recognize degrees of negligence", Melby v. Anderson, 64 S.D. 249, 253, 266 N.W. 135, 137, and Wittstruck v. Lee, 62 S.D. 290, 252 N.W. 874, 92 A.L.R. 1361, the court has nevertheless been required to determine the use and meaning of the term negligence used in statutes as: "gross" (Ch. 147, L.1933 in Melby); "slight" compared to "gross" (S.D.C. 1960 Supp. 47.0304-1 in Fryda v. Vesely, 80 S.D. 356, 123 N.W.2d 345) and "culpable" (SDC 13.2016 in State v. Bates, 65 S.D. 105, 271 N.W. 765).

"The jury had a right to know the law regarding speed limit, rights of the road, manner of passing, and such matters to see if there were any violations and then to determine whether these violations were such as constituted reckless driving * * *."

Affirmed.

All the Judges concur.