STATE of South Dakota, Plaintiff
and Appellee,

v.

Lawrence Fredrick MARSHALL,
Defendant and Appellant.

No. 17715.

Supreme Court of South Dakota.

Considered on Briefs May 29, 1992.

Decided Jan. 13, 1993.

Mark Barnett, Atty. Gen., Joan Boos Schueller, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Patrick M. Schroeder, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

SABERS, Justice.

Lawrence Marshall appeals his judgment of conviction for aggravated assault. We affirm.

## FACTS

A grand jury indicted Lawrence for aggravated assault as a result of an incident with his wife, Elizabeth. Elizabeth, a reluctant witness, testified that Lawrence struck her three times with a piece of pipe. She testified the first blow landed on her nose and opened a wound about two inches long. A photo of the wound was admitted into evidence. She testified the second blow hit her in the back of the head and then she testified there was no third blow.

On cross-examination Elizabeth admitted that she had consumed five beers and part of a bottle of wine on the day of the incident. However, she denied she was drunk on the morning in question. Lawrence's attorney asked her whether she had ever fallen and hit her face. She admitted that once "a long, long time ago" she had fallen on her face.

Lawrence testified that he also had been drinking on the morning of the alleged

assault. He testified that Elizabeth grabbed and scratched him during an argument. He shoved her and she fell back over a chair and hit the floor. Lawrence admitted that he told a police officer that he backhanded Elizabeth, but he denied hitting her with a pipe. Lawrence testified that on one occasion Elizabeth had fallen down while drunk and skinned her nose.

On cross-examination, Lawrence admitted that since 1988 he had been arrested 11 times for assaulting Elizabeth. He also acknowledged that he was claiming that Elizabeth cut her nose during the fall.

Lawrence asked the trial court to give instructions to the jury on two lesser included offenses: (1) intentionally causing bodily injury not resulting in serious injury, and (2) causing bodily injury in a reckless manner. The trial court refused to give the proposed jury instructions because it concluded that the proposed offenses did not share elements with aggravated assault and thus were not lesser included offenses.[1]

The jury found Lawrence guilty of aggravated assault. The trial court sentenced Lawrence to 15 years in the penitentiary. Lawrence appeals and argues that the trial court erred by not giving the lesser included offense instruction.

## DECISION

To decide whether a trial court should submit a lesser included offense instruction to the jury two tests must be satisfied—a legal test and a factual test. *State v. Tapio,* 459 N.W.2d 406, 408 (S.D.1990) *citing State v. Gillespie,* 445 N.W.2d 661 (S.D. 1989); *State v. Scholten,* 445 N.W.2d 30 (S.D.1989). The legal test for lesser included offenses requires:

 (1) all of the elements of the included offense are lesser in number than the elements of the greater offense;

 (2) the penalty for the included lesser offense must be less than that of the greater offense; and

 (3) both offenses must contain common elements so that the greater offense cannot be committed without also committing the lesser offense.

*State v. Wall,* 481 N.W.2d 259, 264 (S.D. 1992).

Lawrence was charged with aggravated assault under SDCL 22-18-1.1(2), which provides:

 Any person who:

 * * * * * *

 (2) Attempts to cause, or knowingly causes, bodily injury to another with a dangerous weapon;

 * * * * * *

is guilty of aggravated assault. Aggravated assault is a Class 3 felony.

SDCL 22-18-1 defines simple assault as follows:

 Any person who:

 * * * * * *

 (5) Intentionally causes bodily injury to another which does not result in serious bodily injury;

is guilty of simple assault. Simple assault is a Class 1 misdemeanor.

State and Lawrence agree that the first two factors of the "legal test" were satisfied in this case. Thus, only the third prong of the legal test is at issue here. We must decide whether aggravated assault under SDCL 22-18-1.1(2) contains common elements so that it cannot be completed without also committing simple assault under SDCL 22-18-1(5).

 Aggravated assault under SDCL 22-18-1.1(2) (dangerous weapon assault) *can* be committed without committing simple assault under SDCL 22-18-1(5) (intentional bodily injury). This is so because simple assault under SDCL 22-18-1(5) requires that the bodily injury was "intentionally" caused, while aggravated assault under SDCL 22-18-1.1(2) only requires that the bodily injury was "knowingly" caused. Since the legislature used different words within the same chapter, it obviously in-

---

**1.** Although Lawrence sought jury instructions on two lesser offenses, he has only challenged the trial court's decision not to give a jury instruction on number (1) above (intentional bodily injury under SDCL 22-18-1(5)).

tended different meanings. *See Border States Paving v. Dept. of Revenue,* 437 N.W.2d 872 (S.D.1989) (statutes must be construed according to their intent as determined from the statute as a whole and enactments relating to the same subject). *See also* SDCL 2–14–11 (court may consider the arrangement or position of statutes if it tends to show the intended purpose or effect thereof). Although we recognize that these words are frequently used interchangeably, in this context, we conclude that "intentionally" means intended, whereas "knowingly" includes acts or instances where the result is likely to occur even though not intended.[2]

These statutes do not contain common elements and one may commit aggravated assault under SDCL 22–18–1.1(2) without committing simple assault under SDCL 22–18–1(5). Therefore, the trial court's refusal to give the "simple assault" instruction was not error.

Having concluded that the legal test has not been satisfied, it is not necessary to address the factual test and we affirm.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

In my opinion, the trial court erred in not giving the lesser offense instruction. Therefore, I dissent.

Viewed in the light most favorable to Lawrence Marshall, the evidence could, so far as the jury is concerned, form a basis for the jury to conclude that Lawrence Marshall was guilty of simple assault rather than aggravated assault.

State has a flawed argument; it maintains that the factual test was not satisfied because Lawrence Marshall's evidence does not explain how Elizabeth injured her nose.

In front of the jury, Lawrence Marshall denied hitting Elizabeth with a pipe. He did admit that he pushed her and made her fall on her face. He testified that on a previous occasion Elizabeth was drunk and skinned her nose when she fell. On the day in question, Elizabeth admitted that she consumed a considerable amount of alcohol that morning.

The factual test has been satisfied.

FACTUAL TEST

Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence had been present which would support a conviction of a lesser charge, refusal to give the requested instruction would be reversible error.... There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed *and* that a lesser offense was in fact committed.

*State v. Tapio,* 459 N.W.2d 406, 408–09 (S.D.1990) (quoting *State v. Scholten,* 445 N.W.2d 30 (S.D.1989)). *See also State v. Rich,* 417 N.W.2d 868, 870 (S.D.1988) and *State v. Feuillerat,* 292 N.W.2d 326, 334 (S.D.1980). This Court has not established a fixed rule that it will look at the factual test first. We have addressed the legal test first in such cases as *State v. Goodroad,* 455 N.W.2d 591 (S.D.1990) and *State v. Cook,* 319 N.W.2d 809 (S.D.1982). This Court can, if it so desires, apply the "legal" test before the "fact" test. *Schmuck v. United States,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). In said case, the United States Supreme Court suggested

---

**2.** Black's Law Dictionary defines "general intent" as follows:

In criminal law, the intent to do that which the law prohibits. It is not necessary for the prosecution to prove that the defendant intended the precise harm or precise result which eventuated.

Black's Law Dictionary 727 (5th ed. 1979). *See also, State v. Poss,* 298 N.W.2d 80 (S.D.1980) and *State v. Balint,* 426 N.W.2d 316 (S.D.1988).

The term "knowingly" does not ordinarily require that the actor intended to break the law; it is enough that he intended to act. *State v. Eakes,* 87 S.D. 247, 206 N.W.2d 272 *vacated on other grounds,* 414 U.S. 1017, 94 S.Ct. 440, 38 L.Ed.2d 310 (1973).

that applying the "legal" test first promotes judicial economy "by permitting appellate courts to decide whether jury instructions were wrongly refused without reviewing the entire evidentiary record for nuances of inference." 489 U.S. at 720–721, 109 S.Ct. at 1452–1453.

### LEGAL TEST

This takes us to the legal test. For simple assault to apply, it must pass the third factor in the legal test. In other words, aggravated assault cannot be committed without also committing simple assault. *Cook, supra.* Aggravated assault, according to SDCL 22–18–1.1, is committed by a person who:

> attempts to cause, or knowingly causes, bodily injury to another with a dangerous weapon.

Now, the Court must find the elements of simple assault within the above statute. Under SDCL 22–18–1, simple assault occurs when a person:

> intentionally causes bodily injury to another that does not result in serious bodily injury.

First, the majority attempts to separate "knowingly" from "intentionally." Looking to Black's Law Dictionary, "knowingly" is defined as:

> With knowledge; consciously, intelligently; willfully; *intentionally.*

(Emphasis added). Black's Law Dictionary, (Abridged 5th ed. 1983). Lo and behold, there can be intent within knowing. Furthermore, by citing *Eakes,* the majority presents another definition of "knowingly." However, when seen in its exact quote, "intentionally" is clearly a part of "knowingly."

> The word "knowingly" ordinarily means that the act or omission was intentional; it is not necessary that the actor intended to break the law, but it is enough that he intended the act.

*State v. Eakes,* 87 S.D. 247, 206 N.W.2d 272 (1973), *vacated on other grounds,* 414 U.S. 1017, 94 S.Ct. 440, 38 L.Ed.2d 310 (1973). First hurdle cleared.

Next, the injury element is addressed. If a person causes non-serious bodily injury to another, that person could be convicted of simple assault. Add a weapon, and the crime becomes aggravated assault. Thus, logic dictates that the injury element of simple assault is within aggravated assault.

Thus, the elements of simple assault are within aggravated assault. Finding that both the factual and legal tests are satisfied, the court erred by refusing the lesser instruction of simple assault.

Over the years, this Court has addressed several statutory definitions of simple assault and aggravated assault. *See State v. Frey,* 440 N.W.2d 721 (S.D.1989); *State v. Pickering,* 317 N.W.2d 926 (S.D.1982); *State v. Heumiller,* 317 N.W.2d 126 (S.D. 1982); *State v. Mier,* 74 S.D. 515, 55 N.W.2d 74 (1952). In *Heumiller,* we held that a defendant may be charged and tried for assault with a deadly weapon and be found guilty of simple assault. As recently as 1989, this Court declared that simple assault is included within aggravated assault. *Frey* at 725. *See also State v. Gillespie,* 445 N.W.2d 661, 666 (S.D.1989) (Henderson, J., concurring) (Sabers, J., specially concurring). Quoting from said special concurrence, compare the present writing of the author of this opinion:

> I write specially to make it clear that:
>
> For the purpose of determining lesser-included instructions, the evidence, whether disputed or not, *must be viewed in the light most favorable to the defendant. State v. Rich,* 417 N.W.2d 868 (S.D.1988). This majority opinion views the evidence in a light more favorable to the verdict (State). However, even when viewed in a light most favorable to the defendant, the evidence in this case does not support the requested lesser-included instruction. *Rich, supra.*

Most notably, in at least two cases where this Court faced the same lesser included offense dilemma, we addressed the factual test first and "assume[d] that the legal test has been met." *State v. Rich,* 417 N.W.2d 868, 871 (S.D.1988); *Heumiller, supra.* Thus, to abruptly hold that simple assault is no longer a lesser included offense of aggravated assault is not only an incorrect

application of the legal test, it appears to defy precedent.

On December 14, 1992, as I was in the process of writing this dissent, our Supreme Court Library received a decision captioned *United States of America v. Roy Bruno One Star*, 979 F.2d 1319 (8th Cir. 1992). A federal trial court refused to instruct a jury on a lesser included offense (One Star requested same). Conviction was reversed. On page 1320 of 979 F.2d, the Eighth Circuit Court of Appeals held:

> It is well settled that a defendant is entitled to an instruction on any lesser included offense *if the evidence would permit a jury rationally to find him guilty of the lesser offense and to aquit him of the greater offense.* (Emphasis supplied).

Finding that both the factual and legal tests have been met, the instruction on simple assault should have been given.

I, therefore, respectfully dissent.