**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Daniel Ray TAMMI, Defendant and Appellee.**

**No. 18436.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1994.

Decided Aug. 24, 1994.

Mark Barnett, Atty. Gen., Todd A. Love, Asst. Atty. Gen., Pierre, for plaintiff and appellant.

Steven M. Christensen, Sturgis, for defendant and appellee.

MILLER, Chief Justice.

State appeals a circuit court order vacating Daniel Ray Tammi's (Tammi) conviction for reckless driving. We affirm.

## FACTS

On November 21, 1992, Darrel Hatzenbuhler (Hatzenbuhler), an off-duty police officer for the city of Sturgis, South Dakota, was driving to his mother-in-law's residence in Sturgis along with his wife and family. Hatzenbuhler was driving his personal automobile and was heading east on one of the city streets in Sturgis. As Hatzenbuhler approached an alley entrance to the right of his vehicle, his wife screamed his name and said there was a car coming out of the alley that wasn't going to stop. Hatzenbuhler immediately slammed on his brakes and stopped his own car. At that point, a car emerged from the alley, swerved around the front of Hatzenbuhler's car and then turned left, traveling west in the opposite direction as Hatzenbuhler's car. As the vehicle passed by Hatzenbuhler's car, Hatzenbuhler was able to identify Tammi as the driver.

Hatzenbuhler reported the incident to the state's attorney and state filed an information charging Tammi with one count of reckless driving. A jury trial was conducted before a law trained magistrate. After presentation of all the evidence and, during the settlement of jury instructions, Tammi proposed a set of instructions on careless driving. Tammi contended it would be appropriate to have the jury consider careless driving because it is a lesser included offense in the offense of reckless driving. The magistrate court refused Tammi's proposed instructions and the jury was only instructed on the elements of reckless driving. The jury returned a guilty verdict and a judgment and sentence were entered accordingly.

Tammi subsequently appealed his magistrate court conviction to the circuit court, contending that the magistrate court erred in failing to instruct the jury on careless driving as a lesser included offense in the offense of reckless driving. The circuit court agreed and entered a decision to that effect. Accordingly, the circuit court entered an order vacating Tammi's reckless driving conviction and remanding the matter to the magistrate court for retrial. State now appeals that order to this Court.

## ISSUE

DID THE MAGISTRATE COURT ERR IN FAILING TO INSTRUCT THE JURY ON CARELESS DRIVING AS A LESSER INCLUDED OFFENSE IN THE OFFENSE OF RECKLESS DRIVING?

State contends that the magistrate court appropriately determined that careless driving is not a lesser included offense to the offense of reckless driving and, as a result, there was no error by the magistrate in failing to instruct the jury on careless driving. On that basis, state seeks a reversal of the circuit court order vacating Tammi's reckless driving conviction and remanding the matter for retrial.

To decide whether a trial court should submit a lesser included offense instruction to the jury two tests must be satisfied—a

legal test and a factual test. *State v. Tapio,* 459 N.W.2d 406, 408 (S.D.1990) *citing State v. Gillespie,* 445 N.W.2d 661 (S.D. 1989); *State v. Scholten,* 445 N.W.2d 30 (S.D.1989). The legal test for lesser included offenses requires:

(1) all of the elements of the included offense are lesser in number than the elements of the greater offense;

(2) the penalty for the included lesser offense must be less than that of the greater offense; and

(3) both offenses must contain common elements so that the greater offense cannot be committed without also committing the lesser offense.

*State v. Wall,* 481 N.W.2d 259, 264 (S.D. 1992).

*State v. Marshall,* 495 N.W.2d 87, 88 (S.D. 1993). This Court also recognized as recently as in *Marshall, supra,* that where the legal test for submission of a lesser included offense instruction is not satisfied, it is not necessary to address the factual test and there is no error in failing to give the requested lesser included offense instruction.

Tammi was convicted of reckless driving under SDCL 32–24–1:

Any person who drives any vehicle upon a highway, alley, public park, recreational area or upon the property of a public or private school, college or university carelessly and heedlessly in disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, is guilty of reckless driving. Reckless driving is a Class 1 misdemeanor.

The circuit court held that the jury should also have been instructed on the offense of careless driving under SDCL 32–24–8:

Any person who drives any vehicle upon a highway, alley, public park, recreational area or upon the property of a public or private school, college or university carelessly and without due caution, at a speed or in a manner so as to endanger any person or property, not amounting to reckless driving as defined in § 32–24–1, is

guilty of careless driving. Careless driving is a Class 2 misdemeanor.

The elements of reckless driving under SDCL 32–24–1 are:

1. The defendant, at the time and place alleged in the (information, indictment), drove a vehicle upon a highway (alley, property of a public or private school, college or university).

2. That at that time, the defendant drove (carelessly and heedlessly in disregard of the rights or safety of others [or, the defendant drove] without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property).

South Dakota Pattern Jury Instruction— Criminal No. 3–19–32. The elements of careless driving under SDCL 32–24–8 are:

1. That the defendant, at the time and place alleged in the (information, indictment), drove a vehicle upon (a highway, an alley, the property of a public or private school, college or university).

2. That said driving was done carelessly and without due caution.

3. That said driving was done at a speed or in a manner so as to endanger any person or property.

South Dakota Pattern Jury Instruction— Criminal No. 3–19–38.

At first glance, it would be easy to state that the elements of careless driving are greater in number than the elements of reckless driving and, therefore, the first prong of the legal test for submission of a lesser included offense instruction has not been met. However, this portion of the test cannot be reduced to a mere counting task according to the arrangement of the elements by the Pattern Jury Instruction Committee. As discussed in *State v. Black,* 506 N.W.2d 738 (S.D.1993), in considering the issue of lesser included offenses, the focus must be on the gravamen of the offenses and their *essential* elements:

Before a lesser offense can be said to constitute a necessary part of a greater offense, *all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater*

*offense.* If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense.

*Black,* 506 N.W.2d at 742 (quoting *State v. Kafka,* 264 N.W.2d 702, 705 (S.D.1978) (emphasis added)).

Focusing on the gravamen of the offenses of reckless and careless driving reveals three essential elements in each offense:

1. A defendant driving a vehicle;
2. The vehicle being driven on a particularly defined roadway (the roadways identically defined in both statutes); and
3. The driving being carried out in a particularly defined manner.

SDCL 32–24–1 and 32–24–8. The only difference between the two prohibitions lies in the means used to define the manner in which the motor vehicle must be driven to constitute reckless or careless driving. However, a careful reading of the two statutes reveals that there is essentially no distinction between the two prohibitions other than that to commit the offense of reckless driving one must drive, "carelessly and heedlessly," or, "without due caution and circumspection," while to commit the offense of careless driving, one must drive, "carelessly and without due caution." *Id.* Simply put, use of this highly analogous language in both statutes begs the question, "what is the difference?"

This Court addressed this very question in *State v. Muhs,* 81 S.D. 480, 485, 137 N.W.2d 237, 240 (1965) in a discussion of the offense of reckless driving:

Much of the uncertainty of the offense commonly referred to as "reckless driving" is due to the differences of the wording of the various statutes; Fisher, Vehicle Traffic Law, 1961, p. 323, et seq. which sets out many of these statutes and see 8 Blashfield § 5368, Cyclopedia of Automobile Law and Practice. The terms vary from our former "willful and wanton", "high degree of negligence", "reckless driving", "recklessly", etc. Interpretations by the courts have not always arrived at the same conclusions. Some of them have stated the negligence should be from ordinary negligence and more than ordinary negligence to culpable, gross and criminal negligence. In a state where it was said we "do not recognize degrees of negligence", *Melby v. Anderson,* 64 S.D. 249, 253, 266 N.W. 135, 137, and *Wittstruck v. Lee,* 62 S.D. 290, 252 N.W. 874, 92 A.L.R. 1361, the court has nevertheless been required to determine the use and meaning of the term negligence used in statutes as: "gross" (Ch. 147, L.1933 in Melby); "slight" compared to "gross" (S.D.C.1960 Supp. 47.0304–1 in *Fryda v. Vesely,* 80 S.D. 356, 123 N.W.2d 345) and "culpable" (SDC 13.2016 in *State v. Bates,* 65 S.D. 105, 271 N.W. 765).

*Id.* at n. 3.

■ This footnote from *Muhs* aptly points out that the only distinction between reckless and careless driving is in the degree of culpable negligence involved in the act of driving. This conclusion is reinforced by the language in SDCL 32–24–8 defining careless driving that states it must, "not [amount] to reckless driving as defined in § 32–24–1[.]" Because negligence is a question of fact for the jury, *Jones v. Kartar Plaza, Ltd.,* 488 N.W.2d 428 (S.D.1992), and, further, because in order to convict one of careless driving under SDCL 32–24–8, the jury must determine it does not amount to reckless driving under SDCL 32–24–1, whether one has committed careless or reckless driving will always be a question of fact for the jury's determination and the jury must be instructed on both offenses.*

* The Pattern Jury Instruction Committee appears to have already recognized this. In conjunction with Pattern Jury Instruction 3–19–32 defining the elements of reckless driving appears Pattern Jury Instruction 3–19–33 explaining the degree of culpable negligence required to establish the offense of reckless driving. South Dakota Pattern Jury Instruction—Criminal No. 3–19–33. We also note the Comment to Criminal Jury Instruction 3–19–38 on careless driving:

The statute provides that the driving must not amount to reckless driving. Assuming the defendant is charged with reckless driving, and the careless driving is offered as a lesser included, *the jury would not consider the careless driving elements unless they first determined or found they had a reasonable doubt as to the reckless driving.* If the charge is careless driving and a jury trial is held, the jury would not consider the elements of reckless driving anyway. (emphasis added).

We agree.

Applying the foregoing principles in the context of the legal test for submission of lesser included offense instructions, we first observe that, although the elements of careless driving under SDCL 32–24–8 are not fewer in number than the elements of reckless driving under SDCL 32–24–1, they are identical in number. Second, the penalty for careless driving is a Class 2 misdemeanor, a lesser penalty than the penalty for reckless driving which is a Class 1 misdemeanor. Third, the statutes not only contain common elements but virtually identical elements because the only difference in the offenses is the *culpable degree of negligence involved in the act of driving,* a matter solely for determination by the jury. Moreover, it is impossible to commit reckless driving without also committing careless driving as reckless driving only involves a more culpable degree of negligence than the negligence involved in careless driving.

Based upon the foregoing, the legal test for submission of the lesser included offense instructions in this case has been met. This Court must now focus on the factual portion of the two part test:

> In order to meet the factual test, evidence must be presented which would support a conviction of a lesser charge. Refusal by the trial court to give such an instruction would be reversible error. 'There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that a lesser offense was, in fact, committed.'

*Wall,* 481 N.W.2d at 264 (citations omitted).

Here, sufficient evidence was submitted by the defense in order to support a conviction of only careless driving. Tammi testified that he did slow down a little bit as he was turning out of the alley but that a tree or something obstructed his view of Hatzenbuhler's car and that he slowed down when he did suddenly see the car. Tammi further testified that he only came within ten or fifteen feet of Hatzenbuhler's car (verified by the testimony of Hatzenbuhler's wife) and that he was only traveling ten or fifteen miles per hour as he emerged from the alley. Finally, Tammi denied that he had to swerve in order to miss Hatzenbuhler's car when he turned out of the alley. Based upon these facts, the jury could have convicted Tammi of only careless rather than reckless driving.

We affirm the circuit court's order remanding this matter to the magistrate court for retrial and direct that, if the evidence on retrial supports it, the magistrate give appropriate jury instructions on both reckless driving and careless driving as a lesser included offense.

WUEST and AMUNDSON, JJ., concur.

HENDERSON and SABERS, JJ., concur specially.

HENDERSON, Justice (specially concurring).

Substantively, the Magistrate Court applied the legal test and reached a decision on instructions *without considering the factual circumstances.* The circuit court judge reversed the Magistrate Court. I would affirm the circuit court. Thus, this case should be retried upon proper jury instructions.

State's witnesses testified to its version of the facts; under same, Tammi would be convicted of reckless driving, per State's advocacy. On the other hand, Tammi's factual version, looking at the evidence in a light more favorable to him, could result in a conviction of careless driving. Hence, there was conflicting evidence. It is chronicled below.

| Tammi's Version | State's Version |
|---|---|
| 1. Tammi did not lose control. | 1. Tammi proceeded directly towards Complainant's vehicle. |
| 2. He maneuvered to avoid collision. | 2. Complainant sounded horn. |
| 3. A tree or some object blocked his vision. | 3. No apparent obstruction to view. |
| 4. He slowed down when leaving the alley. | 4. Tammi did not slow down and turned a 90 degree corner while traveling 10–15 miles per hour. |

| Tammi's Version | State's Version |
|---|---|
| 5. His vehicle was 10–15 feet from Complainant's vehicle as it went by him. | 5. While skidding and swerving, Tammi passed within 6 to 10 feet of Complainant's vehicle. |
| 6. He briefly stopped at the stop sign. | 6. Tammi never stopped at stop sign, slowed down "slightly," and his speed was 20–25 miles per hour, as it left the alley. |

For the purpose of determining lesser-included instructions, the evidence must be viewed in the light most favorable to the defendant. *State v. Black,* 506 N.W.2d 738, 744 (S.D. 1993) (*Black II* ); *State v. Marshall,* 495 N.W.2d 87, 89 (S.D.1993) (Henderson, J., dissenting). When this case is retried, the jury might very well convict Tammi again of reckless driving, but Tammi will have the alternative exposure of being convicted of careless driving or not guilty to both charges. Under our decision today, he will be treated fairly. As a classic case of fact determination must be made by the jury who will be judging the credibility of witnesses, verdict forms should be submitted to the jury. *State v. Fox,* 313 N.W.2d 38 (S.D.1981). In my opinion, the jury could conceivably adopt either the State's version of facts or Tammi's version (as I have outlined above).

If a defendant is entitled to a jury instruction on a lesser included offense, the refusal by the trial court to give such an instruction constitutes reversible error. *State v. Wall,* 481 N.W.2d 259, 264 (S.D.1992); *State v. Gillespie,* 445 N.W.2d 661, 663 (S.D.1989); *State v. Heumiller,* 317 N.W.2d 126, 132 (S.D.1982).

SABERS, Justice (concurring specially).

I write specially to point out that reckless driving and careless driving are not crimes divided by degrees. SDCL 23A–26–7. Careless driving is not necessarily or technically a lesser included offense of reckless driving. However, when a common sense review of the facts indicates that it would be difficult to commit the greater offense (reckless driving) without committing the lesser offense (careless driving), *see Black I,* 494 N.W.2d 377 (S.D.1993), then the instruction for the lesser offense should also be given. It was an abuse of discretion not to give it because no mitigating instructions were given here, as was done in *Black I. Id.* at 379. It is simply a matter of proper jury instructions and therefore I do not agree with the majority's statement that "the jury could have convicted Tammi of *only* careless rather than reckless driving." (Emphasis added.)