MEIERHENRY, Justice.
[¶ 1.] George Giroux, Jr. was charged with second degree manslaughter, SDCL 22-16-20 and aggravated assault, SDCL 22-18-1.1(4). A jury found Giroux guilty of aggravated assault but acquitted him of manslaughter. Giroux was sentenced to fifteen years in the penitentiary, seven years suspended. Giroux appeals his conviction. We reverse.
FACTS
[¶ 2.] The charges against Giroux stem from an incident in which Giroux hit the victim, Martin Garza, in the face. Garza fell backwards hitting his head on concrete. Garza was found dead in his home the next day. An autopsy, performed on Garza, determined that the cause of death was a blunt force to his head. The State alleges that Giroux’s blow to Garza’s face caused his death. Giroux claims that Garza’s death was caused by Garza passing out and hitting his head at home subsequent to the blow from Giroux.
[¶ 3.] The evidence at trial was that shortly after falling, Garza stumbled home and knocked on the door to wake his mother to let him in the residence. His mother testified that she did not see any signs of distress and he did not mention anything to her. She said that he got a Coke and went to his room. Later that night she saw him lying on his bed and believed he was sleeping. The following morning, his mother found him dead, lying face down on the floor next to his bed.
ISSUES
1. Whether the trial court erred in refusing to instruct the jury on a lesser included offense of simple assault.
2. Whether aggravated assault merged into second degree manslaughter and whether prosecuting both charges subjected the defendant to double jeopardy.
STANDARD OF REVIEW
[¶ 4.] The issues raised in this appeal are questions of law, which we review *141 de novo. State v. Chavez, 2002 SD 84, ¶ 10, 649 N.W.2d 586, 591.
DECISION
Lesser Included Offense
[¶ 5.] Giroux claims the trial court erred by refusing his proposed jury instruction for simple assault. In State v. Hoadley, this Court reviewed its past tests for determining if a lesser-included-offense instruction should be given. 2002 SD 109, ¶¶ 58-66, 651 N.W.2d 249, 262-65. It was determined that some of the tests used prior to Hoadley were “confusing and problematic” and should be abandoned. Id. at ¶ 58, 651 N.W.2d at 262. We ruled that “only the ‘elements’ test (i.e., legal branch of the legal/factual test)” should be used “to decide whether the lesser offense is included in the greater charged offense.” Id. ¶ 61. The elements test is “(1) all of the elements of the included offense are fewer in number than the elements of the greater offense; (2) the penalty for the included lesser offense must be less than that of the greater offense; and (3) both offenses must contain common elements so that the greater offense cannot be committed without also committing the lesser offense.” Id. (citing State v. Black, 494 N.W.2d 377, 379 (S.D.1993)(Black I)). Justice Konenkamp, writing for the majority on this issue in Hoadley, set forth when a lesser-included-offense instruction should be given:
A lesser-included-offense instruction should be given when (1) the elements test is met and (2) some evidence in support of such instructions exists in the record.
Id. ¶ 64. Although in Hoadley the Court affirmed the trial court’s refusal to give the lesser-included-offense instructions because of lack of some evidence, the Court did determine that the offenses of Second Degree Murder and Manslaughter met the elements test as lesser-included-offenses of First Degree Murder.
[¶ 6.] In adopting the elements test, we referred to the analysis of Judge Tucker in his law review article in which he urged this Court to abandon our prior tests in favor of the elements test. Tim Dallas Tucker, State v. Black: Confusion in South Dakotas Determination of Lesser Included Offenses in Homicide Cases, 41 SDLRev 465, 501 (1996). Judge Tucker’s analysis recognized that under South Dakota’s current statutory scheme the elements test is “difficult to use.” Id. at 496. He points out, however, that “it is workable if different intent or state of mind elements are accepted as lesser elements.” Id. As precedent for this approach, Tucker cites our prior holding in State v. Tammi, 520 N.W.2d 619 (S.D.1994). In Tammi, this Court considered careless driving as a lesser-included-offense of reckless driving because reckless involves a “more culpable degree of negligence.” Id. at 623. Tucker opines that this Court could have used the same analysis in State v. Marshall, 495 N.W.2d 87 (S.D.1993) “without the strained, hyper-technical reasoning of the court.” Tucker at 497. In Marshall, this Court reasoned that simple assault was not a lesser-included-offense of aggravated assault because aggravated assault required an element of “knowingly” causing injury while simple assault required “intentionally” causing injury. 495 N.W.2d at 88-89. Since different words were used, we concluded they have different meanings and therefore did not meet the legal test. Id. at 89. A similar reasoning was applied in State v. Latham, 519 N.W.2d 68 (S.D.1994). In Latham, this Court held that simple assault was not a lesser-included-offense of aggravated assault. The aggravated assault charge required knowingly causing bodily injury with a dangerous weapon. Latham had requested lesser- *142 included-offense instructions of recklessly causing bodily injury and negligently causing bodily injury to another with a dangerous weapon. Again we found that the use of different words precluded the lesser-offense instructions. We said, “If one ‘knowingly caused’ something, they did not ‘negligently cause’ or ‘recklessly cause’ it.” Id. at 72.
[¶ 7.] More recently in Hoadley, we applied the elements test and concluded that Murder in the Second Degree and Manslaughter were lesser-included-offenses of First Degree Murder. The lesser charges, although using different words, were still considered to have met the elements test.[1] 2002 SD at ¶ 64, 651 N.W.2d at 264.
[¶ 8.] By adopting the elements test in Hoadley, we moved away from the analysis used in Latham and Marshall. The use of different words does not necessarily eliminate a crime as a lesser-inchided-of-fense. Our analysis, instead, uses the degree of culpability analysis operating in Tammi.[2] Further support for this approach is found in the South Dakota crimi-na! statute SDCL 22-1-2 which defines the types of mens rea or criminal intent. Included in the definitions are the words “intent” and “reckless.” The statutory definitions are as follows:
Terms used in this title mean:
(1) If applied to the intent with which an act is done or omitted:
(a) The words “malice, maliciously” and all derivatives thereof import a wish to intentionally vex, annoy, or injure another person, established either by proof or presumption of law;
(b) The words “intent, intentionally” and all derivatives thereof, import a specific design to cause a certain result or, when the material part of a charge is the violation of a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, a specific design to engage in conduct of that nature;
(c) The words “knowledge, knowingly” and all deiivatives thereof, import only a *143 knowledge that the facts exist which bring the act or omission within the provisions of any statute. A person has knowledge when he is aware that the facts exist which bring the act or omission within the provisions of any statute. It does not require knowledge of the unlawfulness of such act or omission;
(d) The words “reckless, recklessly” and all derivatives thereof, import a conscious and unjustifiable disregard of a substantial risk that the offender’s conduct may cause a certain result or may be of a certain nature. A person is reckless with respect to circumstances when he consciously and unjustifiably disregards a substantial risk that such circumstances may exist;
(e) The words “neglect, negligently” and all words derived thereof, import a want of attention to the nature or probable consequences of an act or omission which a prudent man ordinarily bestows in acting in his own eoncerns[.]
SDCL 22-1-2.
[¶ 9.] Of particular importance is subsection (l)(f) of the statute, for it is in this subsection that the legislature identifies how each of the degrees of intent relates to the others. It sets forth how the greater degrees of intent include the lesser degrees. The subsection provides:
(f) If the section defining an offense provides that negligence suffices to establish an element thereof, then recklessness, knowledge, intent or malice also constitutes sufficient culpability for such element. If recklessness suffices to establish an element of the offense, then knowledge, intent or malice also constitutes sufficient culpability for such element If knowledge suffices to establish an element of an offense, then intent or malice also constitutes sufficient culpability for such element. If intent suffices to establish an element of an offense, then malice also constitutes sufficient culpability for such element[J
SDCL 22 — 1—2(l)(f) (emphasis added). The subsection outlines the hierarchy of criminal intent. The order from least culpable to most is as follows: negligent, reckless, knowing, intent and malice. Malice includes intent, intent includes knowingly, knowingly includes reckless, and reckless includes negligence. It is a logical conclusion that the legislature intended to define the various types of intent and to set forth their relative culpability. The statute allows greater degrees of culpability to constitute proof of lesser degrees of culpability.[3] It necessarily follows that a lesser included offense has a lesser degree of culpability, i.e. intent.
[¶ 10.] Therefore, based on our writing in Hoadley, Tammi and on SDCL 21-1-2, we conclude that when determining whether a crime is a lesser-ineluded-offense, the degrees of intent, that is, the degrees of culpability should be considered. To the extent that this holding is inconsistent with Marshall and Latham, they are overruled.
[¶ 11.] In order to conclude that the jury in this case should have been instructed on simple assault, we must first determine if the elements test was satisfied. We initially look to see if the number of elements in the lesser offense is fewer *144 than in the greater offense. The State charged Giroux with aggravated assault under SDCL 22-18-1.1(4) which requires: “Any person who ... [a]ssaults another with intent to commit bodily injury which results in serious bodily injury ... is guilty of aggravated assault.” Id.
[¶ 12.] The two definitions of simple assault Giroux requested are as follows:
Any person who:
[[Image here]]
(2) Recklessly causes bodily injury to another;
[[Image here]]
(5) Intentionally causes bodily injury to another which does not result in serious bodily injury; is guilty of simple assault.
SDCL 22-18-1(2). The elements of aggravated assault are (1) assault; (2) intent to commit bodily injury; and (3) resulting serious bodily injury. SDCL 22-18-1.1(4). The simple assault elements in SDCL 22-18-1(2) are (1) recklessly causing (2) bodily injury to another. In SDCL 22-18-1(5), the elements are (1) intentionally causing (2) bodily injury to another which does not result in serious bodily injury. Both simple assaults under subsections (2) and (5) have fewer elements than the offense of aggravated assault thus meeting the first of the elements test.
[¶ 18.] The second element requires that the penalty for the lesser offense be less than for the greater offense. Simple assault is a Class 1 misdemeanor.[4] Aggravated assault is a Class 3 felony. Because the penalty for aggravated assault is greater than that for simple assault, this element is met.
[¶ 14.] Finally, the third element requires both the greater and lesser offense to have common elements “so that the greater offense cannot be committed without also committing the lesser offense.” Hoadley at ¶ 61, 651 N.W.2d at 263. Aggravated assault requires the “intent to commit bodily injury”; simple assault under subsection (2) requires “recklessly causing bodily injury.” Intentional and reckless both represent a mental state or degree of culpability. Intentional requires “a specific design to cause a certain result.” SDCL 22-l-2(b). “ ‘Reckless’ ... import[s] a conscious and unjustifiable disregard of a substantial risk.” SDCL 22-l-2(d). Reckless is a lesser degree of culpability or mental state than intentional. As the law states, “[i]f recklessness suffices to establish an element of the offense, then knowledge, intent or malice also constitutes sufficient culpability.” SDCL 22-1 — 2(f). Whether the assault in this case y^as done intentionally or recklessly is a matter of degree. The third element is met for simple assault under subsection (2).
[¶ 15.] Subsection (5) of SDCL 22-18-1, however, does not involve a lesser degree of culpability. Both aggravated assault and simple assault under subsection (5) require the element of intentionally causing bodily injury. Where the two differ is that aggravated assault requires bodily injury “which results in serious bodily injury,” and simple assault requires bodily injury “which does not result in serious bodily injury.” The definition of one excludes the other. Consequently, the greater offense can be committed without also committing the lesser offense. It would be a lesser included offense if the Legislature had defined simple assault as “intentionally causing bodily injury” without the qualifier — “which does not result in serious bodily injury.” However, the man *145 ner in which the Legislature chose to define simple assault in subsection (5) precludes it from being considered a lesser-included-offense.
[¶ 16.] Having determined that the elements test is met for subsection (2), we must then determine if there was some evidence in the record to support a simple assault instruction. Hoadley, 2002 SD at ¶ 64, 651 N.W.2d at 264. Giroux argues that the jury could have found his conduct reckless rather than intentional. As previously noted, whether the assault in this case was done intentionally or recklessly is a matter of degree. Testimony indicated that Garza initially confronted Giroux. Further, the testimony showed that both Garza and Giroux were moving around like boxers in a ring. Giroux landed one punch. These facts, along with other evidence presented against him, could be found to show that Giroux’s conduct was reckless. The defendant is only required to present some evidence for the lesser included offense to be presented to the jury. Here, the evidence supports giving a lesser-ineluded-offense instruction to the jury for simple assault under subsection (2).
Merger & Double Jeopardy
[¶ 17.] Giroux was convicted of aggravated assault but acquitted on manslaughter. Giroux contends that aggravated assault is a lesser offense which merged into the more serious crime of second degree manslaughter and that he should not have been tried on the aggravated assault count. “In respect to offenses arising from a single incident, the common-law doctrine of merger no longer exists, but that term is now commonly used to refer to the constitutional prohibition, arising out of the double jeopardy clause, against punishing a person twice for the same act or offense.” United States v. Belt, 516 F.2d 873, n. 7 (8thCir,1975) (citing 1 Burdick, Law of Crime § 85 (1946)). In cases where there has been a violation of double jeopardy because the defendant was multiply punished for essentially the same offense, resolution requires that the conviction and sentence for the lesser crime be vacated. State v. Dillon, 2001 SD 97, ¶ 22, 632 N.W.2d 37, 46; State v. Groves, 473 N.W.2d 456, 458 (S.D.1991). Here, Giroux was found guilty of only one offense and sentenced accordingly. If he had been convicted and sentenced for both offenses and if on appeal it was determined that the convictions resulted in double jeopardy, the remedy would be to vacate the lesser offense. Giroux was convicted on only one charge, hence this issue is moot.
[¶ 18.] We reverse and remand for a new trial.
[¶ 19.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.

. The statute under which Hoadley was charged with First Degree Murder is as follows:
Homicide is murder in the first degree when perpetrated without authority of law and with a premeditated design to effect the death of the person killed or of any other human being, or when committed by a person engaged in the perpetration of, or attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, or unlawful throwing, placing, or discharging of a destructive device or explosive. Homicide is also murder in the first degree if committed by a person who perpetrated, or who attempted to perpetrate, any arson, rape, robbery, burglary, kidnapping or unlawful throwing, placing or discharging of a destructive device or explosive and who subsequently effects the death of any victim of such crime to prevent detection or prosecution of the crime. SDCL 22-16-4.
The lesser included offenses which are referenced in Hoadley are cited in Justice Sabers' writing as follows: " 'Homicide is murder in the second degree when perpetrated by any act imminently dangerous to others and evincing a depraved mind, regardless of human life, although without any premeditated design to effect death of any particular individual.’ SDCL 22-16-8, which defines murder in the second degree also, provides: 'Homicide perpetrated by an act imminently dangerous to others and evincing a depraved mind, regardless of human life, is not the less murder because there was no actual intent to injure others.' 'Manslaughter in the second degree is defined as a reckless killing of another and explicitly excludes manslaughter in the first degree from its definition.' ” Hoadley, ¶ 47 (quoting in part State v. Andrews, 2001 SD 31, ¶ 22, 623 N.W.2d 78, 84 (citing SDCL 22-16-20)).

. In Tammi, we used both the legal and factual tests to determine if lesser-included-offense instructions should be given. Here, we rely only on the legal test analysis.

. A comparable section of the Model Penal Code provides the following explanation: "it [is] unnecessary to state in the definition of an offense that the defendant can be convicted if it is proved that he was more culpable than the definition of the offense requires. Thus, if the crime can be committed recklessly, it is no less committed if the actor acted purposely.” Id. at § 2.02 note on requirements of culpability (2001) (The word "purposely" used here is referred to as "intentionally” in the South Dakota Code).

. Under SDCL 22-18-1, ''[s]imple assault is a Class 1 misdemeanor. However, if the defendant has been convicted of two or more violations of this section within five years of committing the current offense, the defendant is guilty of a Class 6 felony.